UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| A.E., by and through her mother,<br>JESSICA CHISOLM.<br><br>    Plaintiff,<br><br>v.<br><br>ENCORE ACADEMY et al.<br><br>    Defendants. | Case No. 2:22-cv-00491<br><br>Judge Barry W. Ashe<br>Magistrate Judge Janis van Meerveld |

## Response to Motion for Extension of Deadlines

In R. Doc. 12, Defendant Encore Academy moves for a retroactive extension of its deadline to respond to discovery requests. Defendant seeks that automatic extension because by failing to timely respond to discovery requests, Plaintiff's Requests for Admissions were deemed admitted[1] and Defendant waived any objections to Plaintiff's Interrogatories.[2] (Note: it is undersigned counsel's general policy to liberally agree to extensions of time when requested before a deadline has arrived, without question. Defendant, however, did not seek an extension until *after* the deadline had passed.)

Here, the Court has the discretion to deny Defendant's request for a retroactive extension. The Federal Rules set out a procedure for withdrawing deemed admissions: specifically, a deemed admission may only be withdrawn by motion when the moving party satisfies the conditions set forth in Rule 36(b).[3] That is, withdrawal must serve "the presentation of the merits of the action"

---

[1] Per Fed. R. Civ. Proc. 36(a)(3), a Request for Admission "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." And because "Rule 36 is self-executing, all of the requests are deemed admitted by default and an order deeming the requests admitted is unnecessary." *Gauthe v. Mercer*, 15-26, 2015 WL 5320651, at * 2 (M.D. La. Sept. 11, 2015)
[2] Fed. R. Civ. Proc. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.")
[3] *American Auto. Ass'n v. AAA Legal Clinic*, 930 1117, 1119 (5th Cir. 1991).

1

and the opposing party cannot show that withdrawal "will prejudice that party."[4] And even when Rule 36(b)'s two-factor test has been satisfied, the district court "still has discretion to deny a request to withdraw or amend an admission." *Le v. Cheesecake Factory Restaurants Inc.*, No. 06–20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007).

Defendants motion does not meet that test, in that it does not reference Rule 36(b) or acknowledge that it is seeking a withdrawal of deemed admissions. Nor does it discuss how withdrawing the deemed admissions would serve the presentation of the merits.

Respectfully submitted:

/s/ *William Most*
Caroline Gabriel, Bar No. 38224
William Most, Bar No. 36914
Most & Associates, L.L.C.
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
(985) 441-9355
caroline.gabriel.ma@gmail.com
williammost@gmail.com

*Attorneys for Plaintiff A.E.*

---

[4] Fed. R. Civ. Proc. 36(b).