## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **A.E., by and through her mother,**<br>**JESSICA CHISOLM** | **CIVIL ACTION NO. 22-00491** |
| **VERSUS** | |
| | **JUDGE BARRY W. ASHE** |
| **ENCORE ACADEMY,**<br>**APPLY BUS COMPANY**<br>**PROTECTIVE INSURANCE**<br>**COMPANY, AND XYZ INSURANCE**<br>**COMPANY** | **MAGISTRATE JUDGE**<br>**JANIS VAN MEERVELD** |

### RULE 36(B) MOTION TO WITHDRAW AND AMEND DEEMED ADMISSIONS

**NOW INTO COURT** through undersigned counsel, comes Defendant, Encore Academy ("Encore"), which hereby moves this Honorable Court for an Order permitting the withdrawal or amendment of the admissions previously deemed admitted as a result of Defendant's failure to timely respond to Plaintiff's Requests for Admission. Defendant respectfully requests that the Court accept Encore's Objections and Responses to Plaintiff's Requests for Admission submitted to Plaintiff on November 4, 2022.

Pursuant to Rule 36, Plaintiff propounded Requests for Admission on Encore Academy on October 4, 2022. The deadline to respond to Plaintiff's discovery responses was mis-calendared on undersigned counsel's calendars as November 4, 2022 instead of November 3, 2022. Undersigned counsel did not intentionally miss the deadline to respond. It was an unfortunate calendaring mistake by counsel, and not one that should have a negative impact on the Defendant.

Rule 36(b) of the Federal Rules of Civil Procedure provides that any matter admitted under Rule 36 is "conclusively established" unless the court "on motion" permits withdrawal or amendment of the admission. FED. R. CIV. P. 36(b). A district court may permit the withdrawal of

an admission if: (1) the withdrawal would promote the presentation of the merits of the action and (2) if the Court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. *Thanedar v. Time Warner, Inc.,* 352 F. App'x 891, 896 (5th Cir. 2009); *see also In Re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).

Encore's deemed admissions do not reflect the true facts and circumstances of the incident sued upon and are directly contrary to the allegations specifically denied in Defendant's Answer and therefore allowing the admissions to be withdrawn or amended would promote the presentation of the merits of the case. Additionally, there can be no argument that Plaintiff herein would be prejudiced by allowing withdrawal or amendment of the admissions. Defendant provided its Responses to Plaintiff's Requests for Admission on November 4, 2022, one day after the expiration of the 30-day deadline to respond to the Requests and within four (4) hours of being alerted to counsel's calendaring error. Further, this case is still in the early stages of discovery and Plaintiff has over five (5) months to conduct further discovery on the issues that are the subject of the admissions given the April 21, 2023 discovery deadline.

For these reasons and the reasons set forth in the contemporaneously filed Memorandum in Support, Encore Academy respectfully requests that this Honorable Court find that Defendant has satisfied both prongs for withdrawing admissions under Rule 36(b) and issue an Order withdrawing the admissions previously deemed admitted.

Respectfully submitted November 10, 2022.


*Signature on Next Page*

Respectfully submitted,

JOHN JERRY GLAS (#24434)
jerry@deutschkerrigan.com
DENIA S. AIYEGBUSI (#31549)
denia@deutschkerrigan.com
MELISSA M. LESSELL (#32710)
mlessell@deutschkerrigan.com
CASEY B. WENDLING (#38676)
cwendling@deutschkerrigan.com
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone:  504-593-0620
Facsimile:  504-566-4041
*Counsel for Encore Academy*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing pleading has been forwarded to all counsel of record through CM/ECF on this 10th day of November, 2022.

**DENIA S. AIYEGBUSI**

3