**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| A.E., by and through her mother, **JESSICA CHISOLM** | **CIVIL ACTION NO. 22-00491** |
| **VERSUS** | **JUDGE BARRY W. ASHE** |
| **ENCORE ACADEMY, APPLY BUS COMPANY PROTECTIVE INSURANCE COMPANY, AND XYZ INSURANCE COMPANY** | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 36(B) MOTION TO WITHDRAW AND AMEND DEEMED ADMISSIONS**

Defendant, Encore Academy ("Encore"), submits this Memorandum in Support of its Motion to Withdraw Admissions:

**I.   INTRODUCTION**

Plaintiff Jessica Chisolm ("Plaintiff") filed this action on behalf of her minor child, A.E., on February 24, 2022, alleging violations of Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Louisiana disability discrimination laws, and state law negligence.

On October 4, 2022, Plaintiff propounded Requests for Admission, Interrogatories, and Requests for Production on Defendant, Encore Academy. The discovery requests propounded by Plaintiff were extensive as they included 13 Requests for Admission, 33 Requests for Production, and 12 Interrogatories.

Given the extent of Plaintiff's discovery requests and Defendant's determination to provide thorough, substantive responses to Plaintiff's requests, Defendant has had to engage in an extensive investigation and needs additional time to finish gathering information. This is particularly true as Defendant is a single site school and the discovery was propounded during the

academic year. Accordingly, Defendant reached out to Plaintiff's counsel first thing in the morning on November 4, 2022—the day undersigned counsel believed Encore's responses to Plaintiff's Interrogatories, and Requests for Production were due—to inform Plaintiff's counsel that despite Encore's best efforts to complete its discovery responses, it needed additional time. In response, Plaintiff's counsel informed Defendant that the deadline to respond to discovery was the previous day, November 3, 2022. Upon review, it appears the deadline to respond to Plaintiff's discovery responses was mis-calendared as November 4, 2022 instead of November 3, 2022. Undersigned counsel did not intentionally miss the deadline to respond. It was an unfortunate calendaring mistake by counsel, and not one that should have a negative impact on the Defendant.

Upon being alerted to this calendaring error, undersigned counsel worked with Encore to finalize the Responses to Requests for Admission that same day.[1] Those responses were served upon Plaintiff's counsel on November 4, 2022 within four (4) hours of being alerted to the calendaring error.[2] Of the thirteen (13) Requests for Admission propounded, Defendant unequivocally admitted four (4) Requests; admitted specific portions of five (5) Requests; and only unequivocally denied four (4) Requests.[3] Additionally, of the four (4) Requests unequivocally denied, two (2) improperly called for admissions related to legal conclusions.

After serving counsel with its Responses to Plaintiff's Requests for Admission, Defendant filed a Motion for Extension for Additional Time to respond to Plaintiff's Interrogatories and

---

[1] *See* Encore's Responses to Plaintiff's Requests for Admission, attached hereto as Exhibit "A".

[2] *See* Correspondence to Plaintiff's counsel transmitting Encore's Responses to Plaintiff's Requests for Admission, attached hereto as Exhibit "B".

[3] *See* Exhibit "A".

2

Requests for Production of Documents and, in that Motion, requested a retroactive extension to November 4, 2022, to provide Responses to the Requests for Admission.[4]

Defendant now files this Federal Rule of Civil Procedure 36(b) Motion to Withdraw and Amend Deemed Admissions. Undersigned counsel regrets and sincerely apologizes for this unfortunate calendaring mistake. Defendant respectfully requests that the Court accept Encore's Objections and Responses to Plaintiff's Requests for Admission submitted to Plaintiff on November 4, 2022.

## II. LAW AND ARGUMENT

### A. RULE 36(B) PERMITS A LITIGANT TO MOVE TO WITHDRAW ADMISSIONS WHEN THE WITHDRAWAL PROMOTES THE PRESENTATION OF THE MERITS OF THE ACTION AND DOES NOT PREJUDICE THE REQUESTING PARTY.

Pursuant to the Federal Rules of Civil Procedure, a party may serve upon any other party a written request for admission of the truth of any relevant matters of fact. FED. R. CIV. P. 36. Failure to respond to requests for admission within 30 days will result in the requests being deemed admitted. FED. R. CIV. P. 36(a)(3); *see also Kansas City S. Ry. Co. v. Shan of Monroe LLC*, No. 3:19-CV-01569, 2021 WL 1432918, at *2 (W.D. La. Mar. 18, 2021).

Rule 36(b) of the Federal Rules of Civil Procedure provides that any matter admitted under Rule 36 is "conclusively established" unless the court "on motion" permits withdrawal or amendment of the admission. FED. R. CIV. P. 36(b). If a party wishes to avoid the effect of such admissions, "the proper procedural vehicle through which to attempt to withdraw admissions...is a motion under Rule 36(b) to withdraw admissions." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir.1987).

---

[4] R. Doc. 12.

Under Federal Rule of Civil Procedure 36(b), a district court may permit the withdrawal of an admission if: (1) the withdrawal would promote the presentation of the merits of the action and (2) if the Court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. *Thanedar v. Time Warner, Inc.,* 352 F. App'x 891, 896 (5th Cir. 2009); *see also In Re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).

### 1. ALLOWING DEFENDANT TO WITHDRAW AND AMEND THE DEEMED ADMISSIONS WOULD PROMOTE THE PRESENTATION OF THE MERITS OF THIS PROCEEDING.

With respect to the first part of the test in Rule 36(b), "[w]ithdrawal of a deemed admission is appropriate in cases in which the admissions at issue directly bear on the merits of the case." *Kansas City S. Ry. Co. v. Shan of Monroe LLC*, No. 3:19-CV-01569, 2021 WL 1432918, at *2 (W.D. La. Mar. 18, 2021) citing *Mendez v. Joeris General Contractors, Ltd.*, Civil Action No. SA–12–CA–0608, 2013 WL 3153982, *3 (W.D. Tex. Jun. 18, 2013). A party may satisfy this prong of the test if the admission effectively would preclude the party from presenting its case on the merits. *Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007)(citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)); *Edeh v. Equifax Information Services, LLC*, 295 F.R.D. 219, 224 (D. Minn. 2013)("When a material fact is clearly contested, considering that fact to be admitted precludes, rather than promotes, presentation of the case on the merits"). Here, the deemed admissions do not reflect the true facts and circumstances of the incident sued upon and are directly contrary to the allegations specifically denied in Defendant's Answer.[5]

---

[5] *See* R. Doc. 7. In its Answer Encore denied specific allegations which are substantially similar to the Requests for Admission propounded by Plaintiff.

4

As stated above, of the thirteen (13) Requests for Admission propounded, Defendant unequivocally admitted four (4) Requests; admitted specific portions of five (5) Requests; and only unequivocally denied four (4) Requests.[6] Additionally, of the four (4) Requests unequivocally denied, two (2) improperly called for admissions related to legal conclusions. Therefore, there are only two (2) Requests genuinely at issue herein:

- Request for Admission No. 1 which states, "Defendant was aware that Plaintiff had a diagnosis of ADHD while she was a student at Encore"; and

- Request for Admission No. 9 which states, "Defendant was aware that Plaintiff was being bullied and harassed on the school bus by Encore students before March 9, 2021."

The subject of these two (2) Requests are the very crux of Plaintiff's Complaint and deeming them admitted would greatly prejudice Defendant. Additionally, it is significant that these statements/allegations were previously denied in Encore's Answer, and thus Plaintiff has been on notice of Defendant's position with respect to these issues.[7]

For these reasons, denying Defendant's motion to withdraw admissions would undermine "the public policy favoring the disposition of cases on their merits rather than on technical violations of procedural rules." *Kansas City S. Ry. Co. v. Shan of Monroe LLC*, No. 3:19-01569, 2021 WL 1432918, at *3 (W.D. La. Mar. 18, 2021). Accordingly, allowing the admissions to be withdrawn or amended would promote the presentation of the merits of the case. As such, Defendant has satisfied the first prong for withdrawing admissions under Rule 36.

---

[6] *See* Exhibit "A".

[7] *See* R. Doc. 1 and R. Doc. 7.

## 2. ALLOWING DEFENDANT TO WITHDRAW AND AMEND THE DEEMED ADMISSIONS WOULD NOT PREJUDICE PLAINTIFF.

Under these facts and circumstances, Plaintiff will not be prejudiced by the withdrawal and amendment of Encore's admissions. For purposes of the second prong of the test set forth in Rule 36(b), a party is not prejudiced merely because withdrawal of the admissions requires the party to prove or defend the case on the merits. *Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 2007 WL 715260, at *3 (5th Cir. Mar. 6, 2007). "The prejudice contemplated by [Rule 36(b)] 'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Ropfogel v. United States,* 138 F.R.D. 579, 583 (D.Kan.1991). "With the passage of time and as each moment for response to a pleading slipped by, the ... burden for withdrawal of the deemed admissions is raised and the prejudice to the [opposing party] is increased." *Curtis v. State Farm Lloyds,* No. CIV.A. H-03-1025, 2004 WL 1621700, at *6 (S.D. Tex. Apr. 29, 2004).

Therefore, prejudice may occur if a party encounters special challenges "caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 2007 WL 715260, at *3 (5th Cir. Mar. 6, 2007*)* quoting *American Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991). Merely having to prove the matters admitted to the trier of fact does not constitute prejudice. *Le*, 2007 WL 715260, at *3 citing *No. La. Rehab. Ctr. v. United States*, 179 F. Supp. 2d 658, 663 (W.D. La. 2001).

There can be no argument that Plaintiff herein would be prejudiced by allowing withdrawal or amendment of the admissions. Defendant provided its Responses to Plaintiff's Requests for Admission on November 4, 2022, one day after the expiration of the 30-day deadline to respond to the Requests and within four (4) hours of being alerted to counsel's calendaring error. Further,

this case is still in the early stages of discovery and Plaintiff has plenty of time to conduct further discovery on the issues that are the subject of the admissions. The discovery deadline is not until April 21, 2023. To date, there has only been limited written discovery exchanged and no depositions have been scheduled. Therefore, Plaintiff has not yet relied upon any of the deemed admissions such that she would be prejudiced by their withdrawal or amendment.

Finally, Plaintiff was on notice that the admitted issues were controverted because the same statements/allegations were denied in Encore's Answer. Thus, Plaintiff cannot claim surprise where she had clear warning well in advance of the discovery deadline (and any discovery being exchanged for that matter) and trial that the issues are controverted. *See Kansas City S. Ry. Co. v. Shan of Monroe LLC*, No. 3:19-CV-01569, 2021 WL 1432918, at *4 (W.D. La. Mar. 18, 2021) citing *Edeh v. Equifax Information Services, LLC,* 295 F.R.D. 219, 225 (D. Minn. 2013). Accordingly, Defendant has satisfied the second prong for withdrawing admissions under Rule 36.

### 3. THE RECOGNIZED DISCRETIONARY FACTORS ALSO WEIGH IN FAVOR OF A FINDING THAT WITHDRAWAL OF THE ADMISSIONS IS APPROPRIATE UNDER THESE CIRCUMSTANCES.

In addition to the two-prong test explicitly set forth in Rule 36(b), courts have the discretion to consider other factors such as the diligence and fault of the moving party, and whether the moving party can show that the admission is untrue. *Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007) citing *Covarrubias v. Five Unknown INS/Border Patrol Agents*, 192 F. App'x 247, 248 (5th Cir. 2006) (per curiam) (unpublished); *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390, 1394 (5th Cir. 1969)). Specifically, courts have considered the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial. *Le*, 2007 WL 715260, at *3; *see also No. La. Rehab. Ctr. v. United States*,

7

179 F. Supp. 2d 658, 663 (W.D. La. 2001) (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence and adequate time remained before trial to conduct limited discovery).

The circumstances of this case evidence diligence by Defendant. Defendant submitted its responses to the Requests for Admission propounded by Plaintiff the day after the deadline, 31 days after receipt of the Request. Undersigned counsel did not intentionally miss the deadline to respond. The calendaring error was inadvertent and should not be held against Defendant. Further, Defendant is filing this Motion within one week of the admissions being deemed admitted on November 3, 2022.

Additionally, as noted above, Encore only unequivocally denied two (2) of the unobjectionable Requests for Admission; these same statements/allegations were specifically denied in Encore's Answer. Therefore, there is evidence in the record that some of the admissions are untrue, unfounded, or need further investigation.

For these reasons, this Honorable Court should grant Defendant's Motion and allow the withdrawal and/or amendment of the admissions previously deemed admitted.

### III. CONCLUSION

For the reasons stated above, Encore Academy respectfully requests that this Honorable Court find that the circumstances set forth in Rule 36(b) are satisfied and issue an Order withdrawing the admissions previously deemed admitted as a result of Defendant's failure to timely respond to Plaintiff's Requests for Admission as requested in the accompanying motion.

Respectfully submitted November 10, 2022.

*Signature on Next Page*

Respectfully submitted,

_____
JOHN JERRY GLAS (#24434)
jerry@deutschkerrigan.com
DENIA S. AIYEGBUSI (#31549)
denia@deutschkerrigan.com
MELISSA M. LESSELL (#32710)
mlessell@deutschkerrigan.com
CASEY B. WENDLING (#38676)
cwendling@deutschkerrigan.com
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: 504-593-0620
Facsimile: 504-566-4041
*Counsel for Encore Academy*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing pleading has been forwarded to all counsel of record through CM/ECF on this 10th day of November, 2022.

_____