UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

A.E., by and through her mother,          )
JESSICA CHISOLM.                          )
                                          )     Case No. 2:22-cv-00491
        Plaintiff,                        )
                                          )     Judge Barry W. Ashe
        v.                                )     Magistrate Judge Janis van Meerveld
                                          )
ENCORE ACADEMY,                           )
APPLE BUS COMPANY,                        )
PROTECTIVE INSURANCE COMPANY,             )
and NOVA CASUALTY COMPANY                 )
                                          )
        Defendants.                       )
_____      )

## FIRST AMENDED COMPLAINT

Plaintiff A.E., by and through her mother, Jessica Chisolm, brings this suit against Encore

Academy, A.E.'s former school, Apple Bus Company, the bus company that operated A.E.'s

school bus, Protective Insurance Company, Apple Bus Company's insurer, and Nova Casualty

Company, Encore Academy's insurance company, alleging violations of Title II of the ADA,

Section 504 of the Rehabilitation Act, and Louisiana disability discrimination laws, and state law

negligence.

## I. INTRODUCTION

1. This is a case about how a child with a disability was bullied at her school and on her

school bus. Neither the school nor bus company took any steps to stop it. As a result, the bullying

escalated to the point where the child was beaten over the head with a laptop, resulting in injury

and concussion and prolonged emotional distress.

2. A.E. is a child with a disability.

1

3. A.E. was a student at Encore Academy for almost seven years. During that time, she was harassed and bullied by students on the basis of her disability.

4. Although Encore Academy knew that A.E. was a child with a disability who was struggling in many aspects, the school did not implement any special education plan for A.E.

5. Encore Academy did not implement any special education plan despite requests from A.E.'s mother, Jessica Chisolm.

6. Encore Academy was aware that A.E. was being victimized and subjected to harassment by students on the basis of her disability, yet the school took no steps to stop or mitigate the harassment.

7. Apple Bus Company was aware that violence was common on its buses. The company was specifically aware that A.E. was being harassed and assaulted because A.E. reported the incidents to her bus driver and Ms. Chisolm reported the incidents to the company.

8. The school, bus company and bus driver all failed to take steps to protect A.E. from harm. A.E. was bullied and eventually violently assaulted on March 9, 2021 on the school bus.

9. Plaintiff now seeks to enforce her rights through this lawsuit.

10. Plaintiff brings this complaint for violations of her rights to be free from harassment, assault, and discrimination on the basis of her disability. Plaintiff also raises state law claims of discrimination and negligence.

## II. JURISDICTION AND VENUE

11. Plaintiff brings this action pursuant to Title II of the Americans with Disabilities Act; Section 504 of the Rehabilitation Act and other statutes. Jurisdiction is based on 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights). Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear claims arising under state law.

12.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to Plaintiff's claims arose in the Eastern District of Louisiana, and because Defendants reside in the District.

### III. PARTIES

*Plaintiff*

13.  Plaintiff **A.E.** is a minor child, a person with a disability and domiciled in the Eastern District of Louisiana. Plaintiff brings this complaint by and through her mother and legal guardian, **Jessica Chisolm**. Ms. Chisolm is an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

*Defendants*

14.  Defendant **Encore Academy** is a non-profit corporation and a Type 1 public charter school under the jurisdiction of the Orleans Parish School Board. Encore Academy's principal place of business is located in the Eastern District of Louisiana.

15.  Defendant **Apple Bus Company** is a business corporation with its principal business establishment and registered office in the State of Louisiana. It is registered with the Louisiana Secretary of State under charter number 40993278F. At all times relevant to this Complaint, Apple Bus Company conducted business in the Eastern District of Louisiana.

16.  Defendant **Protective Insurance Company** is the insurer that holds policies that cover Defendant Apple Bus Company for their actions alleged herein.

17.  Defendant **Nova Casualty Company** is the insurance company that holds policies that cover Defendant encore Academy for their actions alleged herein.

18.  Except as otherwise indicated, each defendant is a joint tortfeasor with every other defendant under Louisiana Civil Code Art. 2324.

## IV.  STATEMENT OF FACTS

*A.E. is a child with a disability, and Encore Academy was aware of her disability.*

19.  A.E. is a twelve-year-old girl who was diagnosed with attention-deficit/hyperactivity disorder (ADHD) in 2012.

20.  ADHD is a "disability" under federal and Louisiana antidiscrimination laws because it substantially limits one or more major life activities.

21.  Encore Academy is a public charter school under the jurisdiction of the Orleans Parish School Board (OPSB).

22.  Encore Academy has approval by the OPSB to act as its own local educational agency (LEA) pursuant to La. R.S. 17:10.7.1(G)(2).

23.  At all times relevant to this complaint, Terri Smith was the Principal at Encore Academy. She is currently CEO and School Leader of Encore Academy.

24.  A.E. was a 5th grade student at Encore Academy during the 2020-2021 school year. She started Encore Academy as a kindergarten student in 2013.

25.  Although Encore Academy knew about A.E.'s disability and diagnosis, the school never implemented an Individualized Education Plan (IEP) or a 504 Plan pursuant to the Rehabilitation Act.

26.  A.E.'s mother, Jessica Chisolm, made the school aware of A.E.'s disability on many occasions and in many forms during the time that A.E. was enrolled at Encore Academy.

27.  Specifically, Ms. Chisolm disclosed A.E.'s diagnosis and medications on school enrollment and medical forms and spoke to the school principal and counselors about A.E.'s diagnosis.

28.  Ms. Chisolm also requested accommodations be put in place to help A.E. with her disability in school by telephone, by e-mail and in person.

29.  Encore Academy was also aware that A.E. sought treatment for her disability throughout the time she was enrolled at Encore Academy because Ms. Chisolm would provide the school with excuse slips from A.E.'s mental health providers whenever she was absent due to that treatment.

30.  Laura Potts, one of Encore's school counselors, was aware that A.E. has a disability because she believed that A.E. had a 504 plan in place. Ms. Potts made this statement to Ms. Chisolm in a phone conversation.

31.  Although Ms. Chisolm repeatedly requested that the school evaluate A.E. for either an IEP or 504 plan to accommodate A.E., Encore Academy never put any plan in place.

32.  Ms. Chisolm provided Encore Academy with A.E.'s 504 Plan from her previous school, but Encore still did not implement any type of plan.

33.  Principal Smith confirmed that Encore did not implement any education plan when she informed Plaintiff's counsel via email that Encore did not have any record of a special education plan for A.E.

34.  Yet there was clear evidence of A.E.'s disability at the school itself.

35.  Ms. Chisolm found A.E. a counselor through Magellan Health and Ekhaya Youth Project who visited the school and worked with A.E. at school on several occasions.

36.  Teachers and school counselors consistently noted that A.E. had difficulty focusing and completing tasks, among other deficiencies noted in A.E.'s school records, yet still no one took action to put a special education plan in place despite her struggles.

37.  Although staff at Encore Academy recognized A.E. as a student with a disability, the school never put any plan in place to accommodate A.E.

***A.E. was bullied and harassed at school on the basis of her disability.***

38.  During her time at Encore Academy, some of her most formative years, A.E. was subjected to bullying and physical assault by students on the basis of her disability. This bullying took many forms.

39.  A.E. was subjected to verbal and physical bullying, directly related to her disability. Specifically, students would call her names like "slow bitch," "dumb ass," and would tell her to "speed her retarded ass up." Students would also call her "fat white bitch," a "white stinking bitch," "herp lip," and "big Lisa."

40.  The bullying and assaults became more consistent starting in 2019.

41.  In December 2019, A.E. was bullied by a student who stole money from her. There were three Encore Academy staff members in the class, Mr. Bovie, Mr. Watson, and Mrs. Proctor, but no one took action.

42.  Ms. Chisolm contacted Mr. Bovie to report this incident via email. But still no action was taken.

43.  On several occasions, a student named B.H. and other students would corner A.E. in the hall and on the bus. These students made fun of A.E.'s disability, weight, and race. They physically assaulted A.E. by pulling her hair and clothes and by pushing her.

44.  On several occasions, B.H. and her younger sister bullied A.E.'s younger sister, Z.E. They would push Z.E. around, pull her hair and clothes, spit on her, and verbally harass her.

45.  Ms. Chisolm notified the school as seen below:

6

-------- Forwarded message ---------
From: **PrinseZitha Linda** <johndamacio50@gmail.com>
Date: Wed, Nov 04, 2020, 6:29 PM
Subject: Z███ E███████
To: Anrekha Randall <arandall@encorelearning.org>

Were you aware of b████ h████ younger sister bullying my daughter z███? Pulling her hair? Spitting on her? Calling her names? I do not want this child near z███. This is not the first time this has happened!!!! How can I safely send my children to school when they are being hurt and humilliated by fellow students and teachers are doing nothing to prevent this?

46.   On another occasion, B.H. attacked A.E. in the school and punched her several times in the face. This incident was witnessed by a teacher, Mr. Clanton, yet A.E. was given detention for being disruptive. Ms. Chisolm contacted the school, but no action was taken.

47.   This bullying can be corroborated by A.E.'s three siblings and numerous teachers and counselors at Encore Academy.

48.   A.E. was also punished by teachers and school staff when she would try to report the bullying. They would give her detention, accusing her of being disruptive and claimed she was responsible for being bullied.

49.   Ms. Chisolm repeatedly contacted the school about the bullying, but she never received any response from the school and no action was taken.

50.   A.E. sought counseling from her own mental health provider because the bullying became so pervasive and disruptive to her life and wellbeing. A.E. reported feeling helpless because no one believed her complaints about the bullying.

***A.E. was bullied and harassed on the school bus on the basis of her disability.***

51.   The bullying, harassment and physical assaults were not limited to the school, but they also consistently occurred on the school bus.

52.   A.E. and her sister rode the bus to and from school most days.

53.     Encore Academy provided school bus transportation through Defendant Apple Bus Company. Apple Bus Company provided school transportation to A.E. during all times relevant to this complaint.

54.     Apple Bus Company and its bus drivers were aware of the violent fighting and bullying that occurred on its Encore Academy routes.

55.  A review of social media shows repeated videos of students fighting on the busses, while neither the bus driver nor school employees intervene.

56.     This pattern negatively affected A.E. as well. Specifically, A.E. was constantly bullied and assaulted by B.H. on the Apple School Bus, which they were required to ride together, yet no one intervened to help A.E.

57.     On several occasions, B.H. and other students would corner A.E. on the bus. These students made fun of A.E.'s disability, weight, and race. They physically assaulted A.E. by pulling her hair and clothes, and by pushing her.

58.     In January 2020, A.E. was attacked by student B.H. on the school bus. A.E. was able to get off the bus before it left the school to bring children home at the end of the day. When A.E. reached the school to report the attack, the bus driver followed her and called her a liar. This resulted in A.E. getting suspended for being "disruptive."

59.     Ms. Chisolm contacted Encore Academy Director of School Operations, Sonya Webber via phone and email regarding the January 2020 incident.

60.     Ms. Chisolm's email to Sonya Webber read as follows:

---------- Forwarded message ----------
From: **PrinseZitha Linda** <johndamacio50@gmail.com>
Date: Tue, Jan 02, 2020, 5:49 PM
Subject: Parent Of A█ E█
To: <swebber@encorelearning.org>

Bullying and discrimination
Got a note that a█ was suspended for one day by you!!!!! 🚫
A█ tells me she got off the bus ,before it left the school and attempted to run to the office to report b█ trying to attack her, when you arrived a█ tried to tell you this and the bus driver called her a liar and you suspended her for one day for being
"Disruptive"
This is unacceptable!!!!
Why is it that no one responds to any of my phone calls?!?! Smhid.

61.     Neither Ms. Webber nor any school employee responded to Ms. Chisolm.

62.     After each assault, Ms. Chisolm would also call Apple Bus Company, yet the Company took no steps to protect A.E. or to prevent further harassment.

63.     This bullying culminated in an assault which Principal Smith called "the worst" she "had ever seen."

64.     On March 9, 2021, A.E. was riding home on the bus with her sister, Z.E.

65.     B.H. and her sister were also on the bus as usual. Neither the school nor the bus company took any steps to separate B.H. from A.E. despite several attacks on and persistent harassment of A.E on the basis of her disability.

66.     A.E. was seated on the bus, doing nothing wrong, when B.H. and other students violently attacked her. The students repeatedly punched A.E. in the head and face and pulled on her hair. A.E. did not fight back. She cowered in fear and pain.

67.     Ultimately, B.H. grabbed a laptop and struck A.E. in the head. A.E. blacked out after she was struck with the laptop.

68.     The bus driver eventually stopped the bus. However, the bus driver neither intervened in the fight nor separated the girls.

69.    Other students had to pull B.H. and the other attackers off A.E.

70.    Z.E., A.E.'s seven-year-old sister, watched the entire attack and was left crying as her big sister laid on the floor.

71.    Despite the bus driver being aware of the attack, no ambulance or police were called to the scene to evaluate A.E.'s injuries.

72.    The bus driver resumed the bus route and dropped A.E. off at home. No one called Ms. Chisolm to inform her what happened to her child.

73.    Once A.E. got home, she fainted. Ms. Chisolm was then made aware of the attack by her seven-year-old daughter. A.E. woke up and complained to her mother about headaches, chest and back pain, nausea, blurred vision, and confusion.

74.    Ms. Chisolm called 911 and called Apple Bus Company to make a report. However, the police never showed up.

75.    Fearful of A.E.'s health, Ms. Chisolm decided to drive A.E. to the hospital herself. At the hospital, A.E. was diagnosed with a concussion and a hematoma on the back of her head.

76.    Since the attack, A.E. has suffered from blurred vision, memory loss, confusion, and headaches. She refuses to socialize and gets easily startled by people and noises. A.E. is also dealing with depression, anxiety, and fear of leaving her home. She isolates herself in her room, does not want to eat, and makes statements about wishing that she did not exist.

77.    In a phone call with Plaintiff's counsel, Terri Smith explained that she had watched the video footage of the attack. She admitted that it was "the worst" assault she "had ever seen" and stated that as a grandmother and mother, she would feel the same way as Ms. Chisolm. She described the students "wailing in on" A.E. while A.E. did nothing wrong.

78.     Terri Smith informed Plaintiff's counsel that the school suspended B.H. and would ensure that B.H. would be separated from A.E., however she never informed Ms. Chisolm about this.

79.     Principal Smith attempted to excuse Encore's failure to act prior to the assault by claiming Encore had no knowledge of the bullying by B.H. or the bullying in general.

80.     However, this is not true. Ms. Chisolm not only called the school to inform them of the constant bullying and harassment her daughter was enduring, but she also sent numerous emails to various Encore staff and came in person to report the incidents described above.

81.     Further, the violence on Encore's school buses, operated by Apple Bus Company, is well known. A review of social media shows repeated videos of students fighting on the busses, while neither the bus driver nor school employees intervene.

82.     The school did not inform the police about the abuse suffered by A.E. Ms. Chisolm had to call NOPD again two days after the attack to file a report. The officers investigated the incident as a battery and interviewed both Ms. Chisolm and A.E.

83.     Encore Academy and Apple Bus Company completely failed to address the clear bullying that A.E. was enduring on the basis of her disability. Defendants ignored Ms. Chisolm's reports and even punished A.E. when she tried to report the harassment. Thus A.E. felt too terrified to return to school after the final assault on March 9, 2021.

84.     A.E. has suffered both physical and emotional injuries because of this discrimination.

## V.   CAUSES OF ACTION

*Count One* – **Disability Discrimination Pursuant to Section 504 of the Rehabilitation Act**
*(Encore Academy)*

85.   Plaintiff realleges and incorporates each and every foregoing and preceding paragraph.

86.   Section 504 of the Rehabilitation Act bars discrimination based on a person's disability in elementary and secondary schools.

87.   Defendant violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, because it is a recipient of federal funds and discriminated against Plaintiff solely on the basis of her disability.

88.   Defendant is a recipient of federal funds. For example, in its FY2021-2022 Proposed budget, Defendant assumes $1,799,454 in Federal Entitlement Funding.[1]

89.   A.E. is a person with a disability under Section 504 of the Rehabilitation Act.

90.   Defendant knowingly allowed A.E. to endure a hostile education environment on the basis of her disability.

91.   Defendant failed to make reasonable accommodations for A.E. to address the disability harassment and bullying on the basis of her disability.

92.   Defendant acted in bad faith and with gross misjudgment when it did not account for the effects of the disability harassment on A.E.'s education and when it failed to keep her safe.

93.   The discriminatory actions of Defendant were intentional and taken with deliberate indifference to A.E.'s rights.

94.   A.E. suffered injuries as a result of Defendant's conduct.

---

[1] Available online at
https://static1.squarespace.com/static/60f5acc95afc5e1c8e150057/t/6127a812df260273a6392383/1629988882319/FY22+Encore_+Budget+2021.08.23+%281%29.pdf

**Count Two – Disability Discrimination Pursuant to Title II of the Americans with Disabilities Act**
*(Encore Academy)*

95. Plaintiff realleges and incorporates each and every foregoing and preceding paragraph.

96. Title II of the Americans with Disabilities Act bars discrimination based on a person's disability.

97. Defendant violated Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, because Defendant is a public entity that discriminated against Plaintiff on the basis of her disability.

98. Defendant treated Plaintiff less favorably because of her disability and knowingly allowed a hostile education environment on the basis of her disability.

99. The discriminatory actions of Defendant were intentional and taken with deliberate indifference to Plaintiff's rights.

100. Plaintiff suffered injuries as a result of the Defendant's conduct.

**Count Three – Disability Discrimination Pursuant to Louisiana Law**
*(Encore Academy)*

101. Plaintiff realleges and incorporates each and every foregoing and preceding paragraph.

102. Defendant violated La. Rev. Stat. § 46:1953 because it denied a "person with a disability" the same rights "as a person who is able-bodied."

103. Defendant violated La. Rev. Stat. § 51:2247 because it "den[ied] an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, … on the grounds of … disability."

104. Defendant violated La. Rev. St. § 46:2254 because it "discriminate[d] against … an individual enrolled as a student at the institution on the basis of a disability."

105. Plaintiff suffered injuries as a result of Defendant's conduct.

### Count Four – Negligence by Failing to Protect and Supervise
### (All Defendants)

106. Plaintiff realleges and incorporates each and every foregoing and preceding paragraph.

107. Under Louisiana law, a school can be held liable for a student's injuries when the school was negligent in its duty to properly supervise students. *See Brammer v. Bossier Parish Sch. Bd.*, 183 So. 3d 606, 612 (La. App. 2 Cir. 2015).

108. Negligent supervision exists when a school does not properly handle a situation that ultimately culminates in a student's injury. *See Id., Doe v. E. Baton Rouge Parish Sch. Bd.*, 978 So. 2d 426 (La. App. 1 Cir. 2007); *Frazer v. St. Tammany Parish Sch. Bd.*, 774 So. 2d 1227 (La. App. 1 Cir. 2000); *Wijngaarde v. Parents of Guy*, 720 So. 2d 6 (La. App. 4 Cir. 1998).

109. The injury does not have to occur on school property. *See Doe*, 978 So. 2d 426; *Frazer*, 774 So. 2d 1227.

110. Additionally, as applied to common carriers, *i.e.*, buses, "Owners of businesses who permit the public to enter their establishments have a duty to exercise reasonable care to protect those who do enter." *Rodriguez v. New Orleans Public Service, Inc.*, 400 So. 2d 884, 887.

111. Louisiana law also requires schools to create procedures and policies for addressing and preventing bullying pursuant to La. R.S. 17:146.13. Upon information and belief, it was only after A.E. was assaulted on March 9, 2021 that Defendant Encore Academy created a formal reporting mechanism and posted it on its website.

112. Defendants failed to supervise students and failed to protect Plaintiff from bullying, harassment, and assault by students.

113. Plaintiff suffered injuries as a result of Defendant's conduct

### *Count Five* – State Law Direct Action Claim
### (Protective Insurance Company and Nova Casualty Company)

114.   Plaintiff realleges and incorporates each and every foregoing paragraph.

115. Defendants Protective Insurance Company and Nova Casualty Company, upon information and belief, have issued and/or currently have in effect one or more policies of insurance covering one or more of the Defendants named herein. For valuable consideration received, these policies obligated Defendants, jointly and/or severally, to pay on behalf of their insured Defendant(s) any sums the insured Defendant(s) may become obligated to pay to Plaintiff or to indemnify their insured Defendant(s) for any sums the insured Defendant(s) may become obligated to pay to Plaintiff.

116. By reason of their illegal acts, Defendants are liable to Plaintiff for all damages and injuries they have suffered as a result. Upon information and belief, Defendants Protective Insurance Company and Nova Casualty Company are contractually obligated to pay these sums on behalf of the insured Defendant(s).

117. Upon information and belief, Defendants Protective Insurance Company and Nova Casualty Company are liable to Plaintiff for any and all damages incurred by reason of the insured Defendant(s)' acts, up to their policy limits, notwithstanding the fact that the insured Defendant(s) may themselves be able to assert claims of privilege or immunity from liability.

118. Under Louisiana Revised Statute § 22:655(B), Plaintiff brings a direct action against Defendants Protective Insurance Company and Nova Casualty Company to recover any and all sums they are obligated to pay Plaintiff on behalf of their insureds or to indemnify their insureds.

## VI.   RELIEF REQUESTED

119. As a result of the Defendants' conduct, Plaintiff has suffered injuries and damages, for which she is entitled to recover, including but not limited to the following:

    (a) Physical pain in the past and future;

    (b) Medical expenses in the past and future;

    (c) Mental anguish in the past and future;

    (d) Mental health expenses in the past and future; and

    (e) Physical impairment in the past and future.

120. Wherefore Plaintiff prays for judgment against Defendants as follows:

    (a) For a judgment against Defendants for all asserted causes of action;

    (b) For a judgment awarding compensatory damages;

    (c) For a judgment awarding special damages;

    (d) For a judgment awarding Plaintiff her costs and attorney's fees;

    (e) For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law; and

    (f) For all other and further relief as may be necessary and appropriate.

121. Plaintiff states any and all other causes of action that may become known through a trial of this matter on its merits against any and all other parties which are herein named, or which may be added later, and requests any and all other damages or remedies which this Court may seem equitable.

122. Plaintiff reserves the right to notice of defect to this pleading and reserves the right to amend or supplement this Petition after discovery of any additional fact, law, or claim, the amendment of which to be performed by the filing of any subsequent pleading.

## VII.   JURY DEMAND

123. Plaintiff respectfully requests a trial by jury on all issues so triable.


Respectfully submitted:


**MOST & ASSOCIATES**


*/s/ Caroline Gabriel*
**CAROLINE GABRIEL (La. Bar. No. 38224)**
**WILLIAM MOST (La. Bar No. 36914)**
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 985-441-9355
Email: caroline.gabriel.ma@gmail.com

***Counsel for Plaintiff, A.E. through Jessica Chisolm***