# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

## PRETRIAL NOTICE

**Adopted September 2018.**

  **IT IS ORDERED** that a pretrial conference will be held in Chambers before Judge Barry W. Ashe, Section M, in this case on the date and time indicated on the attached scheduling order.

  The purpose of the pretrial conference is to secure a just and speedy determination of the issues. If the type of pretrial order set forth below does not appear calculated to achieve these ends in this case, please arrange a conference with the Judge and opposing counsel immediately so that alternative possibilities may be discussed.

  The procedure necessary for the preparation of the proposed pretrial order that will be reviewed and entered at this conference is as follows:

I.

  The proposed pretrial order must be electronically filed with the Court by 12:00 p.m. (noon), **five (5)** working days prior to the conference, excluding Saturdays, Sundays, and holidays (*e.g.*, if the conference is set for Friday, it must be filed by noon the preceding Friday). The proposed pretrial order shall bear electronic signatures of all counsel when it is filed with the Court. Following the pretrial conference, the Court will file the signed pretrial order into the record, after any necessary modifications are made to it.

II.

  Counsel for all parties shall confer at their earliest convenience for the purpose of arriving at all possible stipulations and to exchange copies of documents that will be offered into evidence at trial. It shall be the duty of counsel for plaintiff to initiate this conference, and the duty of other counsel to respond. If, after reasonable effort, any party cannot obtain the cooperation of other counsel, that party shall notify the Court. The conference of counsel shall be held at least **ten (10)** days prior to the date of the scheduled pretrial conference, so that counsel for all parties can furnish each other with a statement of the real issues each party plans to offer evidence to support, eliminating any issues that might appear in the pleadings about which there is no real controversy. The statements shall include each party's view of the issues of law remaining in the case, as well as ultimate issues of fact. Counsel for plaintiff shall then prepare a proposed pretrial order and submit it to all other counsel. Once any necessary changes are made, counsel for plaintiff shall electronically file the proposed pretrial order with the Court.

III.

At their meeting, counsel must consider the following:

A. **Jurisdiction**. Because jurisdiction may not ever be conferred by consent and because prescription or statutes of limitations may bar a new action if the case or any ancillary demand is dismissed for lack of jurisdiction, counsel should make reasonable effort to ascertain that the Court has jurisdiction.

B. **Parties**. Counsel shall make reasonable efforts to identity all legal entities correctly, including the correct designation of a party as a partnership, corporation, or individual d/b/a trade name. Counsel shall also consider whether it is necessary to appoint a tutor, guardian, administrator, executor, etc., and the validity of any appointment already made.

C. **Joinder**. Counsel shall consider questions of misjoinder or nonjoinder of parties.

IV.

At the pretrial conference counsel must be fully authorized and prepared to discuss settlement possibilities with the Court. Counsel are urged to discuss the possibility of settlement with each other thoroughly before undertaking the extensive labor of preparing the proposed pretrial order. Save your time, the Court's time, and the client's time and money.

V.

The attorneys who will try the case must attend the pretrial conference unless, prior to the conference, the Court grants permission for other counsel to attend. These attorneys will familiarize themselves with the pretrial rules and will come to the conference with full authority to accomplish the purpose of Rule 16 of the Federal Rules of Civil Procedure.

VI.

Pretrial conferences will not be continued except for good cause shown in a written motion presented sufficiently in advance of the conference for opposing counsel to be notified.

VII.

Failure on the part of counsel to appear at the conference may result in sanctions, including, but not limited to, *sua sponte* dismissal of the suit, assessment of costs and attorney fees, default, or other appropriate sanctions.

VIII.

All pending motions and all special issues or defenses raised in the pleadings must be called to the Court's attention in the proposed pretrial order.

IX.

The proposed pretrial order shall set forth the following information:

1. The date of the pretrial conference.

2. The appearance of counsel, identifying the party(ies) represented.

3. A description of the parties. In cases of insurance carriers, their insured must be identified. The legal relationships of all parties with reference to the claims, counterclaims, third-party claims, cross claims, etc.

4.

    a. With respect to jurisdiction, a brief summary of the factual basis supporting each claim asserted, whether original claim, counterclaim, third-party claim, etc., and the legal and jurisdictional basis for each claim, or if contested, the jurisdictional questions.

    b. In diversity damage suits, the Court may dismiss an action, either before or after trial, when it appears that the damages could not reasonably come within the jurisdictional limitation. Therefore, the proposed pretrial order in such cases shall contain either a stipulation that $75,000 is involved or a summary of the evidence supporting the claim that such sum reasonably could be awarded.

5. A list and description of any motions pending or contemplated, and any special issues appropriate for determination before trial. If the Court at any prior hearing has indicated that it would decide certain matters at the time of the pretrial conference, a brief summary of those matters and the position of each party with respect thereto.

6. A brief summary of the material facts claimed by:

    a. Plaintiff;

    b. Defendant;

    c. Other parties.

7. A **single listing** of all uncontested material facts.

8. A **single listing** of the contested issues of fact. (This does not mean that counsel must concur in a statement of the issues; it simply means that they must list in a single list all issues of fact.) Where applicable, particularities concerning the following fact issues shall be set forth:

   a. Whenever there is an issue regarding the seaworthiness of a vessel or an alleged unsafe condition of property, the material facts and circumstances relied upon to establish the claimed unseaworthy or unsafe condition shall be specified with particularity;

   b. Whenever there is an issue regarding the negligence of the defendant or the contributory or comparative negligence of the plaintiff, the material facts and circumstances relied upon to establish the claimed negligence shall be specified with particularity;

   c. Whenever personal injuries are at issue, the nature and extent of the injuries and of any alleged disability shall be specified with particularity;

   d. Whenever the alleged breach of a contractual obligation is at issue, the acts or omissions relied upon as constituting the claimed breach shall be specified with particularity;

   e. Whenever the meaning of a contract or other writing is at issue, all facts and circumstances surrounding execution and events subsequent to execution, both those admitted and those in issue, which either party contends serve to aid interpretation, shall be specified with particularity;

   f. Whenever duress or fraud or mistake is at issue, the facts and circumstances relied upon as constituting the claimed duress, fraud, or mistake (*see* Fed. R. Civ. P. 9(b)) shall also be set forth in the pretrial order;

   g. If special damages are sought, they shall be itemized with particularity (*see* Fed. R. Civ. P. 9(g));

   h. If a conspiracy is charged, the details of facts constituting the conspiracy shall be particularized.

9. A **single listing** of the contested issues of law. (See explanation in 8 above.)

10. A list and description of the exhibits that each party intends to introduce at the trial. Prior to the confection of the proposed pretrial order, the parties shall meet, exchange copies of all exhibits, and make a good faith effort to agree as to their authenticity and relevancy. As to any exhibits to which the parties cannot agree, they shall submit memoranda (with the contested exhibits attached) no later than **five (5)** business days before trial. The proponent of the exhibit shall explain why the exhibit is admissible, and the opponent shall explain

why the exhibit is inadmissible. Unless otherwise ordered by the Court, only exhibits included on the exhibit list shall be included for use at trial.

   a. Each list of exhibits first should describe those that are to be admitted without objection, and then those to which there will be objection, noting by whom the objection is made (if there are multiple adverse parties), and the nature of the objection. The exhibits should be marked for identification at the time they are shown to opposing counsel during preparation of the proposed pretrial order.

   b. Any party that believes it has good cause not to disclose exhibits to be used solely for the purpose of impeachment may *ex parte* request a conference with the Court and make its position known to the Court *in camera*.

   c. Where appropriate to preserve trade secrets or privileges, the listing of exhibits may be made subject to a protective order or in such other fashion as the Court may direct. If there are such exhibits, the proposed pretrial order will state: "The parties will discuss exhibits alleged to be privileged (or to contain trade secrets, etc.) at the pretrial conference."

   d. Each party shall submit to the Court on the day of trial a list of exhibits properly marked for identification which it desires to use at trial.

11. A list of all deposition testimony each party intends to offer into evidence at trial. The parties shall, prior to trial, meet and agree as to the elimination of all irrelevant and repetitive matter and all colloquy between counsel. In addition, the parties shall, in good faith, attempt to resolve all objections to testimony so that the Court will be required to rule only on those objections to which they cannot reach agreement as to their merit. As to all objections that cannot be amicably resolved, the parties shall submit memoranda on the unresolved objections no later than **five (5)** business days before trial. The parties shall provide specific reasons, beyond mere citation to the rule of evidence, in support of their positions.

12. A list and brief description of any demonstrative exhibits, including charts, graphs, models, schematic diagrams, time lines, and similar objects which, although not to be offered in evidence, respective counsel intend to use at trial, whether in opening statements, closing arguments, or otherwise. In the pretrial order, the parties shall either stipulate they have no objection to the use of the demonstrative exhibits or provide a statement of the objections to their use.

13.

   a. A list of witnesses for all parties, including the names, addresses, and statement of the general subject matter of their testimony (it is not sufficient to designate the witness as simply "fact," "medical," or "expert"), and an indication in good faith of those who will be called in the absence of reasonable notice to opposing counsel to the contrary.

    b. A statement that the witness lists were filed in accordance with prior court orders. No other witnesses shall be allowed unless their addition is agreeable to all parties and does not affect the trial date. This restriction will not apply to rebuttal witnesses or documents whose necessity could not be reasonably anticipated. Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports in accordance with prior court orders. Expert witnesses whose reports have not been furnished to opposing counsel shall not be permitted to testify nor shall experts be permitted to testify to opinions not included in the reports timely furnished.

    c. Except for good cause shown, the Court will not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of the pretrial order and prior court orders.

    d. Counsel shall not be allowed to ask questions on cross-examination of an economic expert that would require the witness to make mathematical calculations in order to frame a response unless the factual elements of such questions shall have been submitted to that expert witness at least **three (3)** full working days before trial.

14. A statement indicating whether the case is a jury or a non-jury case.

    a. If the case is a jury case, then indicate whether the jury trial is applicable to all aspects of the case or only to certain issues, which issues shall be specified. In jury cases, add the following provision:

> "Proposed jury instructions, special jury interrogatories, trial memoranda, and any special questions that the Court is asked to put to prospective jurors on voir dire shall be electronically filed with the Court not later than **five (5)** working days prior to the trial date."

    The trial memoranda shall address any unique evidentiary problems as well as any unusual jury instructions requiring explanation beyond mere citation to authority.

    b. In a non-jury case, suggested findings of fact and conclusions of law and a separate trial memorandum are to be electronically filed with the Court not less than **ten (10)** business days prior to trial, unless the Court enters an order that such is not required.

15. In cases where damages are sought, include a statement that: "The issue of liability (will or will not) be tried separately from that of quantum." It is the policy of this Court in appropriate cases to try issues of liability and quantum separately. Accordingly, counsel should be preparing to discuss at the pretrial conference the feasibility of separating such issues. Counsel likewise should consider the feasibility and desirability of separate trials as to other issues.

16. A statement describing any other matters that might expedite a disposition of the case.

17. A statement that trial shall commence on  _[month/day]_ ,  _[year]_  at  _[time]_  a.m./p.m., and a realistic estimate of the number of trial days required. Where counsel cannot agree upon the number of trial days required, the estimate of each side should be given.  In addition, the proposed pretrial order must contain a sentence including the trial date and time previously assigned.

18. The statement that "This pretrial order has been formulated after conference at which counsel for the respective parties have appeared in person.  Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing.  Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

19. The statement that "Possibility of settlement of this case was considered."

20. The proposed pretrial order must contain appropriate signature spaces for counsel for all parties and the Judge.

21. Each numbered paragraph of the proposed pretrial order shall be preceded by a heading descriptive of its content.

**IT IS FURTHER ORDERED** that the foregoing pretrial notice be provided to counsel of record for all parties to this case, and counsel will comply with the directions set forth herein.

New Orleans, Louisiana

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

*If needed during trial, counsel are invited to use the Michaelle Pitard Wynne Attorney Conference Center located in Room B-245 on the second floor of the Hale Boggs Federal Building near the crossover to the Courthouse.  The space features three private conference rooms, a lounge, and a computer workroom with internet, copy, fax and print services.  Details and information on these services including conference room reservations can be found at http://nofba.org or by contacting the Executive Director at 504-589-7799 or fbaneworleans@gmail.com.*