## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| A.E., by and through her mother,<br>JESSICA CHISOLM | CIVIL ACTION NO. 22-00491 |
| VERSUS | |
| | JUDGE BARRY W. ASHE |
| ENCORE ACADEMY,<br>APPLY BUS COMPANY<br>PROTECTIVE INSURANCE<br>COMPANY, AND XYZ INSURANCE<br>COMPANY | MAGISTRATE JUDGE<br>JANIS VAN MEERVELD |

### NOVA CAUSALTY COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, NOVA Casualty Company (hereinafter "NOVA" or "Defendant"), submits the following Answer, Affirmative Defenses, and Demand for Jury Trial to the Amended Complaint filed by Plaintiff, A.E., by and through her mother, Jessica Chisolm ("Plaintiff").

### ANSWER

AND NOW ANSWERING, NOVA responds to Plaintiff's Amended Complaint as follows:

1.

The allegations of Paragraph 1 of the Amended Complaint are denied.

2.

The allegations of Paragraph 2 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

3.

The allegations of Paragraph 3 of the Amended Complaint are denied except to admit that, upon information and belief, A.E. began attending Encore Academy in kindergarten during the 2013–2014 school year.

1

4.

The allegations of Paragraph 4 of the Amended Complaint are denied.

5.

The allegations of Paragraph 5 of the Amended Complaint are denied.

6.

The allegations of Paragraph 6 of the Amended Complaint are denied.

7.

NOVA objects to Paragraph 7 of the Amended Complaint which requests information regarding the knowledge of Apple Bus Company. Therefore, the allegations contained in Paragraph 7 do not require a response from NOVA. To the extent a response is deemed necessary, NOVA denies the allegations of Paragraph 7 of the Amended Complaint for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

8.

The allegations of Paragraph 8 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

9.

NOVA objects to Paragraph 9 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 9 do not require a response from NOVA. To the extent a response is deemed necessary, the allegations contained in Paragraph 9 of the Amended Complaint are denied as written.

10.

NOVA objects to Paragraph 10 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 10 do not require a

response from NOVA. To the extent a response is deemed necessary, the allegations contained in Paragraph 10 of the Amended Complaint are denied as written.

11.

NOVA objects to Paragraph 11 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 11 do not require a response from NOVA. To the extent a response is deemed necessary, the allegations contained in Paragraph 11 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

12.

NOVA objects to Paragraph 12 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 12 do not require a response from NOVA. To the extent a response is deemed necessary, the allegations contained in Paragraph 12 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

13.

The allegations of Paragraph 13 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

14.

The allegations of Paragraph 14 of the Amended Complaint are denied except to admit Encore Academy is a public charter school authorized by the Orleans Parish School Board. Encore Academy's principal place of business is located in the Eastern District of Louisiana.

15.

The allegations of Paragraph 15 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

16.

The allegations of Paragraph 16 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

17.

The allegations contained in Paragraph 17 of the Amended Complaint are denied except to admit NOVA is an insurance company that issued specific insurance polic(ies) to Encore Academy. These policies are the best evidence of their terms, provisions, and limitations. NOVA pleads all of the terms, provisions, and limitations of the Policies as if the entire policies were copied herein, *in extenso*.

18.

NOVA objects to Paragraph 18 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 18 do not require a response from NOVA. To the extent a response is deemed necessary, the allegations contained in Paragraph 18 of the Amended Complaint are denied.

19.

The allegations of Paragraph 19 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

20.

NOVA objects to Paragraph 20 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 20 do not require a

response from NOVA. The anti-discrimination laws speak for themselves, and to the extent that Paragraph 20 contradicts the substance of those laws, those allegations are expressly denied.

21.

NOVA denies the allegations of Paragraph 21 of the Amended Complaint except to admit Encore Academy is a public charter school authorized by the Orleans Parish School Board.

22.

The allegations of Paragraph 22 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

23.

NOVA admits the allegations contained in Paragraph 23 of the Amended Complaint. Terri Smith was previously both the CEO and Principal of Encore Academy, and she is still acting as the CEO of Encore Academy.

24.

The allegations of Paragraph 24 of the Amended Complaint are admitted. A.E. began attending Encore Academy in kindergarten during the 2013–2014 school year and was in fifth grade during the 2020–2021 school year.

25.

The allegations of Paragraph 25 of the Amended Complaint are denied.

26.

The allegations of Paragraph 26 of the Amended Complaint are denied.

27.

The allegations of Paragraph 27 of the Amended Complaint are denied.

28.

The allegations of Paragraph 28 of the Amended Complaint are denied.

29.

The allegations of Paragraph 29 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

30.

The allegations of Paragraph 30 of the Amended Complaint are denied.

31.

The allegations of Paragraph 31 of the Amended Complaint are denied.

32.

The allegations of Paragraph 32 of the Amended Complaint are denied.

33.

The allegations of Paragraph 33 of the Amended Complaint are denied as stated; the email communication between Smith and Plaintiff is the best evidence of the contents therein. To the extent the allegations in Paragraph 33 contradict the contents of that communication, Paragraph 33 is denied.

34.

The allegations of Paragraph 34 of the Amended Complaint are denied.

35.

The allegations of Paragraph 35 of the Amended Complaint for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

36.

The allegations of Paragraph 36 of the Amended Complaint are denied.

37.

The allegations of Paragraph 37 of the Amended Complaint are denied.

38.

The allegations of Paragraph 38 of the Amended Complaint for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

39.

The allegations of Paragraph 39 of the Amended Complaint for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

40.

The allegations of Paragraph 40 of the Amended Complaint for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

41.

The allegations of Paragraph 41 of the Amended Complaint are denied.

42.

The allegations of Paragraph 42 of the Amended Complaint for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

43.

The allegations of Paragraph 43 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

44.

The allegations of Paragraph 44 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

45.

The allegations of Paragraph 45 of the Amended Complaint are denied as stated.

46.

The allegations of Paragraph 46 of the Amended Complaint are denied as stated.

47.

The allegations of Paragraph 47 of the Amended Complaint are denied as stated.

48.

The allegations of Paragraph 48 of the Amended Complaint are denied.

49.

The allegations of Paragraph 49 of the Amended Complaint are denied.

50.

The allegations of Paragraph 50 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

51.

The allegations of Paragraph 51 of the Amended Complaint are denied.

52.

NOVA denies the allegations of Paragraph 52 of the Amended Complaint as the term "most" is subjective. Upon information and belief, A.E. and her sister were considered "bus riders" at some point during their time at Encore.

53.

The allegations of Paragraph 53 of the Amended Complaint are denied except to admit Encore Academy provided school bus transportation through Defendant Apple Bus Company at all times relevant to this complaint.

54.

NOVA objects to Paragraph 54 of the Amended Complaint which requests information regarding the knowledge of Apple Bus Company. Therefore, the allegations contained in Paragraph 54 do not require a response from NOVA. To the extent a response is deemed necessary, NOVA denies the allegations of Paragraph 54 of the Amended Complaint for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

55.

NOVA denies the allegations of Paragraph 55 of the Amended Complaint as stated. The referenced video footage is the best evidence of the contents therein. To the extent the allegations in Paragraph 55 contradict the contents of that footage or do not reflect Encore students, Encore staff, or Apple Bus Company staff, the allegations in Paragraph 55 are expressly denied.

56.

The allegations of Paragraph 56 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

57.

The allegations of Paragraph 57 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

58.

The allegations of Paragraph 58 of the Amended Complaint are denied.

59.

The allegations of Paragraph 59 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

60.

The allegations of Paragraph 60 of the Amended Complaint as stated; the complete copy of the referenced email communication is the best evidence of the contents therein. To the extent the allegations in Paragraph 60 contradict the contents of that communication, do not contain the entire thing, or such communication was not received by Encore, the allegations in Paragraph 60 are expressly denied.

61.

The allegations of Paragraph 61 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

62.

NOVA objects to Paragraph 62 of the Amended Complaint which requests information regarding Apple Bus Company. Therefore, the allegations contained in Paragraph 62 do not require a response from NOVA. To the extent a response is deemed necessary, NOVA denies the allegations of Paragraph 62 of the Amended Complaint for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

63.

The allegations of Paragraph 63 of the Amended Complaint are denied as stated.

64.

The allegations of Paragraph 64 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

65.

The allegations of Paragraph 65 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

10

66.

The allegations of Paragraph 66 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

67.

The allegations of Paragraph 67 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

68.

The allegations of Paragraph 68 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

69.

The allegations of Paragraph 69 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

70.

The allegations of Paragraph 70 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

71.

The allegations of Paragraph 71 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

72.

The allegations of Paragraph 72 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

73.

The allegations of Paragraph 73 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

74.

The allegations of Paragraph 74 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

75.

The allegations of Paragraph 75 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

76.

The allegations of Paragraph 76 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

77.

The allegations of Paragraph 77 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

78.

The allegations of Paragraph 78 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

79.

The allegations of Paragraph 79 of the Amended Complaint are denied as stated.

80.

The allegations of Paragraph 80 of the Amended Complaint are denied as stated.

81.

The allegations of Paragraph 81 of the Amended Complaint are denied except to admit there are no Encore school employees on the school buses operated by Apple Bus Company. Moreover, the referenced video footage is the best evidence of the contents therein. To the extent the allegations in Paragraph 81 contradict the contents of that footage or do not reflect Encore students or Apple Bus Company buses, the allegations in Paragraph 81 are expressly denied.

82.

The allegations of Paragraph 82 of the Amended Complaint are denied as stated except to admit, upon information and belief, Encore did not call the police to report this off-campus incident.

83.

The allegations of Paragraph 83 of the Amended Complaint are denied as stated.

84.

The allegations of Paragraph 84 of the Amended Complaint are denied as stated.

85.

Paragraph 85 of the Amended Complaint does not make any allegations against NOVA, and therefore, no response from NOVA is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 85 of the Amended Complaint are denied.

86.

NOVA objects to Paragraph 86 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 86 do not require a response from NOVA. Section 504 speaks for itself; to the extent the allegations in Paragraph 86 contradict the plain language of the statute, those allegations are expressly denied.

87.

NOVA objects to Paragraph 87 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 87 do not require a response from NOVA. To the extent a response is deemed necessary, the allegations contained in Paragraph 87 of the Amended Complaint are denied.

88.

The allegations of Paragraph 88 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

89.

NOVA objects to Paragraph 89 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 89 do not require a response from NOVA. To the extent a response is deemed necessary, the allegations contained in Paragraph 89 of the Amended Complaint are denied for lack of knowledge or information sufficient to justify a belief as to the truth of those allegations.

90.

The allegations of Paragraph 90 of the Amended Complaint are denied.

91.

The allegations of Paragraph 91 of the Amended Complaint are denied.

92.

The allegations of Paragraph 92 of the Amended Complaint are denied.

93.

The allegations of Paragraph 93 of the Amended Complaint are denied.

94.

The allegations of Paragraph 94 of the Amended Complaint are denied.

95.

Paragraph 95 of the Amended Complaint does not make any allegations, and therefore, no response from NOVA is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 95 of the Amended Complaint are denied.

96.

NOVA objects to Paragraph 96 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 96 do not require a response from NOVA. Title II contains statutes that speaks for themselves; to the extent that the allegations in Paragraph 96 contradict the plain language of those statutes, the allegations are expressly denied.

97.

NOVA objects to Paragraph 97 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 97 do not require a response from NOVA. To the extent a response is deemed necessary, the allegations contained in Paragraph 97 of the Complaint are denied.

98.

The allegations of Paragraph 98 of the Amended Complaint are denied.

99.

The allegations of Paragraph 99 of the Amended Complaint are denied.

100.

The allegations of Paragraph 100 of the Amended Complaint are denied.

101.

Paragraph 101 of the Amended Complaint does not make any allegations, and therefore, no response from NOVA is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 101 of the Amended Complaint are denied.

102.

NOVA objects to Paragraph 102 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 102 do not require a response from NOVA. To the extent a response is deemed necessary, the allegations contained in Paragraph 102 of the Amended Complaint are denied.

103.

NOVA objects to Paragraph 103 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 103 do not require a response from NOVA. To the extent a response is deemed necessary, the allegations contained in Paragraph 103 of the Amended Complaint are denied.

104.

NOVA objects to Paragraph 104 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 104 do not require a response from NOVA. To the extent a response is deemed necessary, the allegations contained in Paragraph 104 of the Amended Complaint are denied.

105.

The allegations of Paragraph 105 of the Amended Complaint are denied.

106.

Paragraph 106 of the Amended Complaint does not make any allegations, and therefore, no response from NOVA is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 106 of the Amended Complaint are denied.

107.

NOVA objects to Paragraph 107 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 107 do not require a response from NOVA. *Brammer v. Bossier Parish Sch. Bd.* is a written decision that speaks for itself. To the extent that the allegations in Paragraph 107 misstate the contents of the cited, non-binding jurisprudence, the allegations in Paragraph 107 are denied.

108.

NOVA objects to Paragraph 108 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 107 do not require a response from NOVA.  *Brammer v. Bossier Parish Sch. Bd.*, *Doe v. E. Baton Rouge Parish Sch. Bd.*, *Frazer v. St. Tammany Parish Sch. Bd.*, and *Wijngaarde v. Parents of Guy*, are written decisions that speak for themselves. To the extent that the allegations in Paragraph 108 misstate the contents of the cited, non-binding jurisprudence, the allegations in Paragraph 108 are denied.

109.

NOVA objects to Paragraph 109 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 109 do not require a response from NOVA. *Doe v. E. Baton Rouge Parish Sch. Bd.* is a written decision that speaks for itself. To the extent that the allegations in Paragraph 109 misstate the contents of the cited, non-binding jurisprudence, the allegations in Paragraph 109 are denied.

110.

NOVA objects to Paragraph 110 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 110 do not require a response from NOVA. *Rodriguez v. New Orleans Public Service, Inc.* is a written decision that speaks for itself. To the extent that the allegations in Paragraph 110 misstate the contents of the cited, non-binding jurisprudence, the allegations in Paragraph 110 are denied.

111.

NOVA objects to Paragraph 111 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 111 do not require a response from NOVA. Louisiana Revised Statutes § 17:146.13 is a written document that speaks for itself. To the extent a response is deemed necessary, the allegations contained in Paragraph 111 of the Amended Complaint are denied except to admit that Encore Academy has a formal reporting process for incidents of bullying.

112.

The allegations of Paragraph 112 of the Amended Complaint are denied.

113.

The allegations of Paragraph 113 of the Amended Complaint are denied.

114.

Paragraph 114 of the Amended Complaint does not make any allegations, and therefore, no response from NOVA is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 114 of the Amended Complaint are denied.

115.

NOVA objects to Paragraph 115 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 115, and all subparts, do not require a response from NOVA. To the extent a response is deemed necessary, the allegations contained in Paragraph 115, and all subparts, of the Amended Complaint are denied except to admit NOVA issued specific insurance polic(ies) to Encore Academy. These policies are the best evidence of their terms, provisions, and limitations. NOVA pleads all of the terms, provisions, and limitations of the Policies as if the entire policies were copied herein, *in extenso*.

116.

NOVA objects to Paragraph 116 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 116, and all subparts, do not require a response from NOVA. To the extent a response is deemed necessary, the allegations contained in Paragraph 116, and all subparts, of the Amended Complaint are denied except to admit NOVA issued specific insurance polic(ies) to Encore Academy. These policies are the best evidence of their terms, provisions, and limitations. NOVA pleads all of the terms, provisions, and limitations of the Policies as if the entire policies were copied herein, *in extenso*.

117.

NOVA objects to Paragraph 117 of the Amended Complaint which asserts, pleads, or calls for a legal conclusion. Therefore, the allegations contained in Paragraph 117, and all subparts, do not require a response from NOVA. To the extent a response is deemed necessary, the allegations contained in Paragraph 116, and all subparts, of the Amended Complaint are denied.

118.

Paragraph 118 of the Amended Complaint does not make any allegations, and therefore, no response from NOVA is required. To the extent a response is deemed necessary, the allegations contained in Paragraph 118 of the Amended Complaint are denied.

119.

NOVA denies any allegations contained in the prayer for relief (Paragraphs 119 through 123 of the Amended Complaint), headings in the Amended Complaint, as well as any and all mis-numbered and/or non-numbered paragraphs contained in Plaintiff's Amended Complaint.

## GENERAL DENIAL AND AFFIRMATIVE DEFENSES

**AND NOW FURTHER ANSWERING**, after having being served with Plaintiff's Amended Complaint and without the benefit of having conducted its own discovery or depositions, NOVA pleads the following, non-exclusive affirmative defenses in accordance with the Federal Rules of Civil Procedure, which require certain affirmative defenses be pleaded in a defendant's Answer:

### First Affirmative Defense

Plaintiff lacks standing to bring these claims under Section 504 and/or the ADA because A.E. was not a qualified student with a disability, or regarded as having a disability, as that term is defined in the law.

### Second Affirmative Defense

Defendant denies there was a violation of Plaintiff's rights under Section 504, the ADA, or any other statute, constitutional theory, or legal authority.

### Third Affirmative Defense

Plaintiff was not subjected to discrimination or retaliation on the basis of disability or any other impermissible basis.

## Fourth Affirmative Defense

Plaintiff cannot establish the elements necessary to state a cause of action under any asserted legal theory.

## Fifth Affirmative Defense

Encore Academy exercised reasonable care to investigate, respond to, and prevent bullying and/or peer conflict.

## Sixth Affirmative Defense

Defendant affirmatively pleads that Encore Academy did not act intentionally, willfully, recklessly, or maliciously, or with deliberate indifference, professional bad faith, or gross misjudgment toward Plaintiff or her federal rights.

## Seventh Affirmative Defense

Defendant affirmatively pleads the comparative fault of A.E., which bars or reduces Plaintiff's recovery.

## Eighth Affirmative Defense

Defendant affirmatively pleads that Plaintiff's damages were caused in whole or in part by the conduct, negligence, and/or fault of B.H. which bars or reduces Plaintiff's recovery against Encore.

## Ninth Affirmative Defense

Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Encore Academy or to avoid harm otherwise.

<u>Tenth Affirmative Defense</u>

Alternatively, Defendant affirmatively pleads that Plaintiff's damages were caused in whole in part by the negligence and/or fault of other third parties, which bars or reduces Plaintiff's recovery.

<u>Eleventh Affirmative Defense</u>

Defendant affirmatively pleads that any violation of personal rights was not caused by a policy, custom, or practice of Encore Academy.

<u>Twelfth Affirmative Defense</u>

If it is determined that Encore Academy falls within the definition of a state entity or political subdivision under La. Rev. Stat. § 13:5106, Defendant affirmatively pleads the applicability of the limitations therein.

<u>Thirteenth Affirmative Defense</u>

Plaintiff has not suffered any cognizable damages as a result of any alleged actions by either Encore Academy or NOVA.

<u>Fourteenth Affirmative Defense</u>

To the extent that any injuries or losses were sustained as alleged in the Amended Complaint, such injuries or losses were not proximately caused by any conduct on the part of Encore Academy.

<u>Fifteenth Affirmative Defense</u>

Neither Defendant nor Encore Academy has acted with malice or reckless disregard for Plaintiff's federally protected rights.

<u>Sixteenth Affirmative Defense</u>

Defendant denies any negligence whatsoever on the school's part or on the part of any of their employees and/or agents.

<u>Seventeenth Affirmative Defense</u>

Defendant affirmatively states that Encore Academy provided its faculty and staff with all appropriate training, including yearly training relating to bullying prevention and Encore Academy supervised its faculty and staff as it related to duties within the course and scope of their employment at Encore.

<u>Eighteenth Affirmative Defense</u>

Defendant affirmatively pleads the contents of, and limitations of liability contained in, LA REV. STAT. § 17:439.

<u>Nineteenth Affirmative Defense</u>

Defendant affirmatively pleads the contents of, and limitations of liability set forth in, LA REV. STAT. § 9:2798.1 and public entity immunity.

<u>Twentieth Affirmative Defense</u>

Defendant specifically avers that Plaintiff failed to mitigate any and all alleged damages which may have been sustained as a result of the accident made the basis of this litigation, which are denied.

<u>Twenty-First Affirmative Defense</u>

Defendant is entitled to a credit for any payments, which may have been made or may be made in the future by it, any other insurance company, entity, or carrier whatsoever. Additionally, Plaintiff has no cause or right of action for any amounts which have been received or will be received in the future from any other insurance carrier, company, or entity.

<u>Twenty-Second Affirmative Defense</u>

Plaintiff has recovered from any and all damages allegedly sustained, if any, which are denied. Additionally, any injuries allegedly suffered by Plaintiff pre-existed the accident and/or were caused by subsequent accidents, incidents, or injuries, in whole or in part.

<u>Twenty-Third Affirmative Defense</u>

NOVA is an insurance company that issued specific insurance polic(ies) to Encore Academy. These policies are the best evidence of their terms, provisions, and limitations. NOVA pleads all of the terms, provisions, and limitations of the Policies as if the entire policies were copied herein, *in extenso*.

## **<u>RESERVATION OF RIGHTS</u>**

Defendant expressly reserves the right to amend its Answer by way of adding denials and/or third-party demands which cannot now be articulated due to Plaintiff's failure to particularize her claims; due to the fact that Encore does not have copies of critical documents or videos bearing on the facts and circumstances of this case; and due to Plaintiff's failure to provide more specific information concerning the nature of their claims and allegations. Upon further particularization of the claims and allegations, or upon further discovery related to information concerning the Plaintiff's claims and allegations, NOVA reserves its right to assert additional defenses.

**WHEREFORE,** NOVA prays that this Answer be deemed good and sufficient and that after due proceedings are had, there be judgment rendered in Defendant's favor and against Plaintiff, dismissing Plaintiff's claims with prejudice, at Plaintiff's cost, and for all other general and equitable relief to which NOVA may be deemed entitled by this Court.

Respectfully submitted,

_____

JOHN JERRY GLAS (#24434)
jerry@deutschkerrigan.com
DENIA S. AIYEGBUSI (#31549)
denia@deutschkerrigan.com
MELISSA M. LESSELL (#32710)
mlessell@deutschkerrigan.com
CASEY B. WENDLING (#38676)
cwendling@deustchkerrigan.com
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581 5141
Facsimile: (504) 566 1201
*Attorneys for Defendant, NOVA Casualty*
*Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Louisiana by using the CM/ECF system.

_____

**Denia S. Aiyegbusi**