# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **A.E., by and through her mother, JESSICA CHISOLM** | **CIVIL ACTION NO. 22-00491** |
| **VERSUS** | **JUDGE BARRY W. ASHE** |
| **ENCORE ACADEMY, APPLY BUS COMPANY PROTECTIVE INSURANCE COMPANY, AND XYZ INSURANCE COMPANY** | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |

## DEFENDANT, ENCORE ACADEMY'S MOTION FOR PROTECTIVE ORDER

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Encore Academy ("Encore"), who, under to Federal Rule of Civil Procedure Rule 26(c), moves this Honorable Court for a protective order (1) limiting the production of educational records relating to any current/former student of Encore other than A.E. and (2) finding Encore's prior discovery responses (as revised on March 20, 2023) sufficient for purposes of this litigation.

In their discovery requests, Plaintiff has specifically requested production of not only A.E.'s records (which were voluntarily produced by Encore to A.E.'s mother prior to suit being filed) but also the following information/records pertaining to *other* students:

- Identify any time a student has been reprimanded, written-up, or disciplined for harassing or bullying Plaintiff and the exact behavior that led to the reprimand, write-up, or discipline (Plaintiff's Interrogatory Number 5);

- Identify any time student B.H. was reprimanded, written-up, or disciplined for harassing or bullying any student at Encore and the exact behavior that led to the reprimand, write- up, or discipline (Plaintiff's Interrogator Number 6);

- Identify all instances in which Ms. Proctor reprimanded, wrote-up or disciplined any student, or reported harassment or bullying by any student, where Plaintiff was the target of the bullying or harassment (Plaintiff's Interrogatory Number 7);

- Identify all instances where any school bus company or their employees, including but not limited to Apple Bus Company, warned, disciplined, wrote-up or otherwise reprimanded an Encore Academy student for behavior directed at Plaintiff (Plaintiff's Interrogatory Number 12); and

- Produce any and all disciplinary records from Encore student B.H., including but not limited to her expulsion hearing file, records, notes, outcome and reasoning related to the incident on March 9, 2021 (Plaintiff's Request for Production Number 26).

As more fully explained in the contemporaneously filed Memorandum in Support, the information and documents requested which relate to children other than A.E. are protected from disclosure and production by the Federal Educational Rights and Privacy Act ("FERPA").

FERPA, codified at 20 U.S.C.A. § 1232g, requires an educational institution, such as Encore, "protect [parents' and students'] rights to privacy by limiting the transferability of their records without their consent." Additionally, 34 CFR § 99.10 provides that parents have the right to inspect and review *their child's* education records maintained by the school, but schools are not required to provide copies of records unless, for reasons such as great distance, it is impossible for parents or eligible students to review the records. 34 C.F.R. §99.10 (emphasis added).

Here, Plaintiff's discovery requests seek the identification and production of educational records pertaining students *other than her children*, over whom she has no guardianship, and who are not parties to this action. There has been no consent given for the production of these records by the parents to whose children they pertain. Accordingly, without the request being made by a parent or student to whom the records pertain or the required consent provided, respectfully Encore should not be required to produce the requested information/records to Plaintiff.

While the parties initially agreed to a blanket Protective Order (Doc. 11), this agreement was made <u>before</u> Plaintiff issued her discovery requests seeking production of records directly

controlled by FERPA and relating to non-party minors. Accordingly, the current Protective Order cannot be used to circumvent Encore's mandatory adherence to FERPA.

**WHEREFORE**, Encore Academy respectfully requests that this Honorable Court deem its discovery responses (as revised and served on March 20, 2023) sufficient, and issue an order precluding the production of any records of minor children other than A.E. In the alternative, Encore requests that this Honorable Court order an *in camera* inspection of the potentially responsive documents so that a determination can be made as to which of those documents are subject to production, after all impacted parents are notified of the potential production and are given the opportunity to object.

Respectfully submitted,

_/s/ Denia S. Aiyegbusi_____
John Jerry Glas (#24434)
Denia S. Aiyegbusi (#31549)
Melissa M. Lessell (#32710)
Casey B. Wendling (#38676)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
denia@deutschkerrigan.com
jerry@deutschkerrigan.com
mlessell@deutschkerrigan.com
cwendling@deutschkerrigan.com
*Attorneys for Defendant, Encore Academy*