## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **A.E., by and through her mother, JESSICA CHISOLM** | **CIVIL ACTION NO. 22-00491** |
| **VERSUS** | **JUDGE BARRY W. ASHE** |
| **ENCORE ACADEMY, APPLY BUS COMPANY PROTECTIVE INSURANCE COMPANY, AND XYZ INSURANCE COMPANY** | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |

## DEFENDANT, ENCORE ACADEMY'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

Defendant, Encore Academy ("Encore"), submits this Memorandum in Support of its Motion for Protective Order under to Federal Rule of Civil Procedure Rule 26(c) and requests that this Honorable Court: (1) limit the production of educational records relating to any current/former student of Encore other than A.E. and (2) find Encore's prior discovery responses (as revised on March 20, 2023) sufficient for purposes of this litigation. In the alternative, Encore requests that this Honorable Court order an *in camera* inspection of the potentially responsive documents so that a determination can be made as to which of those documents are subject to production, and order the production only after appropriate notice and opportunity for objection has been given to all impacted parents/students.

This lawsuit was filed by Jessica Chisolm on behalf of her minor child, A.E. Throughout her written discovery, Plaintiff requests not only the identification and production of A.E.'s own school records (which had been voluntarily provided pre-litigation), but also seeks the records of other Encore students. These other Encore students are not named in the lawsuit. Encore cannot

produce the educational records of other children to Plaintiff without being in direct violation of the Federal Education Rights and Privacy Act ("FERPA").

As discussed more fully below, FERPA, codified at 20 U.S.C.A. § 1232g, very narrowly delineates the situations in which an educational institution, such as Encore,  may produce a student's educational record. These situations generally are: (1) to that student's parent or the student themselves, if of age, or (2) with the consent of the impacted parent or student.  Neither situation is present here, where Plaintiff's discovery seeks records pertaining to other students who are:

- Not named as parties to this lawsuit;

- No consent has been provided; and

- Plaintiff is not their parent or legal guardian.

In light of the same, Encore is prohibited from producing these records by the tenants of FERPA and the Code of Federal Regulations implementing same.

For the reasons more fully articulated herein, Encore requests that this Honorable Court deem its discovery responses (as revised and served on March 20, 2023) sufficient and order that the additional records of minor children other than A.E. should not be produced. In the alternative, Encore requests that this Honorable Court order an *in camera* inspection of the potentially responsive documents so that a determination can be made as to which of those documents are subject to production after all parents are notified of the potential production and are given the opportunity to object.

I.    FACTUAL BACKGROUND

On February 24, 2022, Plaintiff A.E., by and through her mother, Jessica Chisolm, filed suit against Defendants, Encore Academy, Apple Bus Company, Protective Insurance Company, and XYZ insurance company. The Complaint alleges violations of Title II of the Americans with

Disabilities Act, Section 504 or the Rehabilitation Act, as well as Louisiana discrimination laws and negligence.[1] Plaintiff's Complaint recounts several allegations of bullying which culminated in a physical altercation that occurred on March 9, 2021 while A.E. was riding home on the school bus.[2]

After filing its Answer, Encore propounded written discovery upon Plaintiff. Before providing Plaintiff's discovery responses, her counsel requested that the parties agree upon a Protective Order to govern the production of confidential information. Ultimately, the parties agreed to use Magistrate Judge North's form Protective Order and requested that same be accepted by this Honorable Court. That Protective Order (R. Doc. 11) was entered into the record on September 29, 2022. Notably, this Protective Order was agreed to <u>before</u> Plaintiff issued her discovery requests seeking production of records directly controlled by FERPA and relating to non-party minors.

Subsequently, on October 4, 2022, Plaintiff propounded discovery upon Encore, which requests amongst other things:

- The identification of any time a student has been reprimanded, written-up, or disciplined for harassing or bullying Plaintiff and the exact behavior that led to the reprimand, write-up, or discipline (Plaintiff's Interrogatory Number 5);

- The identification of any time student B.H. was reprimanded, written-up, or disciplined for harassing or bullying any student at Encore and the exact behavior that led to the reprimand, write- up, or discipline (Plaintiff's Interrogator Number 6);

- The identification of all instances in which Ms. Proctor reprimanded, wrote-up or disciplined any student, or reported harassment or bullying by any student, where Plaintiff was the target of the bullying or harassment (Plaintiff's Interrogatory Number 7);

---

[1] Rec. Doc. 1.

[2] *Id.*

- The identification of all instances where any school bus company or their employees, including but not limited to Apple Bus Company, warned, disciplined, wrote-up or otherwise reprimanded an Encore Academy student for behavior directed at Plaintiff (Plaintiff's Interrogatory Number 12); and

- Production any and all disciplinary records from Encore student B.H., including but not limited to her expulsion hearing file, records, notes, outcome and reasoning related to the incident on March 9, 2021 (Plaintiff's Request for Production Number 26).

Encore initially responded to Plaintiff's requests on November 30, 2022 noting its objection to these specific discovery requests and relying upon FERPA. To date, Encore has not produced any school records other than A.E.'s to either Ms. Chisolm or her counsel.[3]

While Plaintiff would like the current Protective Order to apply to the records of these non-party minor children, that Order was agreed upon before Plaintiff propounded her discovery upon Encore and before Encore knew Plaintiff would be seeking production of information/documents which are governed by FERPA. Further, that Protective Order respectfully cannot be used to in an attempt to somehow circumvent Encore's required adherence to FERPA. FERPA requires Encore to take proactive steps to ensure that such records are not transferred or produced without consent from *those* student's parents. Because no parent, other than Jessica Chisolm, has consented to this production, Encore is not permitted to produce the records and thus, Plaintiff is not entitled to the requested information and/or records.

Accordingly, Encore requests that this Honorable Court deem its discovery responses (as revised and served on March 20, 2023) sufficient and order the additional records of minor children other than A.E. should not be produced. In the alternative, Encore requests that this Honorable

---

[3] After participating in several 37.1 Conferences, Encore revised its discovery responses and served those revised responses upon all parties on March 20, 2023. *See* Encore's Revised Answers to Interrogatories and Revised Responses to Requests for Production attached as Exhibit A , *en globo* (to be filed under seal).

Court order an *in camera* inspection of the potentially responsive documents so that a determination can be made as to which of those documents are subject to production after all parents are notified of the potential production and are given the opportunity to object.

## II.   LAW AND ARGUMENT

Federal Rule of Civil Procedure 26(c) allows the court to issue an order protecting a party or person by forbidding inquiry into certain matters or limiting the scope of disclosure or discovery of certain matters; or, by requiring the parties to file specified documents or information in sealed envelopes to be opened as the court directs. Due to the nature of Plaintiff's requests and the implication of FERPA, Encore has necessarily objected to Plaintiff's request for records of any non-party, minor for whom consent to produce the requested records has not been affirmatively provided.

Additionally, Plaintiff lacks a genuine need for the information sought from these other student's records. Encore's discovery responses have identified:

- the one other incident (January 29, 2020) of which it is aware that both A.E. and B.H. were involved in.

- an additional investigation of an incident between A.E. and another student, which was a complete misunderstanding as testified to by A.E. on February 24, 2023; and

- each time in which A.E. received a Bus Behavior Report.

It is, therefore, unclear how production of the additional records requested will benefit Plaintiff's case when Encore has provided written responses detailing the information to which Plaintiff is entitled. To date, Plaintiff has not articulated why additional information, including, but not limited to B.H.'s student records, are necessary to her prosecution of this case.

Instead, good cause exists for the issuance of a protective order finding Encore's discovery responses sufficient and finding that these additional student records are not to be produced.

**A.      Good Cause Exists to Grant the Protective Order Sought Based on FERPA**

Pursuant to FERPA, codified at 20 U.S.C.A. § 1232g, an educational institution, such as Encore, is required to "protect [parents' and students'] rights to privacy by limiting the transferability of their records without their consent." Additionally, 34 CFR § 99.10 provides that parents have the right to inspect and review *their child's education records* maintained by the school, but schools are not required to provide copies of records unless, for reasons such as great distance, it is impossible for parents or eligible students to review the records. 34 C.F.R. §99.10 (emphasis added).

The goal of FERPA is to protect parents' and students' rights to privacy by limiting the discovery of their records without their express consent. As such, FERPA prohibits educational institutions from disclosing educational records without sufficient authorization. FERPA defines "educational records" as any records, files, documents, and other materials which contain information directly related to a student that is maintained by an educational agency or institution or by a person acting for such agency or institution. 20 U.S.C.A. § 1232g(a)(4).

Prior to releasing educational records, an institution must satisfy the requirements under FERPA. 20 U.S.C.A. § 1232g(b)(2)(A)-(B). The institution may not release educational records until (1) there is written consent from the student's parent(s) specifying the records to be released; or (2) a court orders the disclosure of specific educational records, conditioned upon the fact that all involved parents and students are notified of such order in advance of the institution's compliance with the order. 20 U.S.C.A. § 1232g(b)(2)(A)-(B); *see*, 34 C.F.R. § 99.33(a)(1).

Encore respectfully submits that this Honorable Court should deem its discovery responses (as revised and served on March 20, 2023) sufficient and order the additional records of minor children other than A.E. should not be produced. In the alternative, and only after Plaintiff makes an adequate showing of good cause, Encore requests that this Honorable Court order an *in camera*

inspection of the potentially responsive documents so that a determination can be made as to which of those documents are subject to production after all parents are notified of the potential production and are given the opportunity to object.

## III.   CONCLUSION

The protections afforded to educational records under FERPA establishes good cause for this Honorable Court to issue an order (1) limiting the production of educational records relating to any current/former student of Encore other than A.E. and (2) finding Encore's prior discovery responses (as revised on March 20, 2023) sufficient for purposes of this litigation. In the alternative, Encore requests that this Honorable Court order an *in camera* inspection of the potentially responsive documents so that a determination can be made as to which of those documents are subject to production after all parents are notified of the potential production and are given the opportunity to object.

Respectfully submitted,

_____
John Jerry Glas (#24434)
Denia S. Aiyegbusi (#31549)
Melissa M. Lessell (#32710)
Casey B. Wendling (#38676)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
denia@deutschkerrigan.com
jerry@deutschkerrigan.com
mlessell@deutschkerrigan.com
cwendling@deutschkerrigan.com
*Attorneys for Defendant, Encore Academy*