UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| A.E., by and through her mother, JESSICA CHISOLM. | )<br>)<br>) Case No. 2:22-cv-00491<br>)<br>) Judge Barry W. Ashe<br>) Magistrate Judge Janis van Meerveld<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | |
| v. | |
| ENCORE ACADEMY, APPLE BUS COMPANY PROTECTIVE INSURANCE COMPANY, and NOVA CASUALTY COMPANY | |
| Defendants. | |

## OPPOSITION TO DEFENDANT ENCORE ACADEMY'S MOTION FOR PROTECTIVE ORDER

NOW INTO COURT, through undersigned counsel, comes Plaintiff A.E., by and through her mother, Jessica Chisolm, to oppose Defendant Encore Academy's Motion for Protective Order (R. Doc. 28).

This is a case about how a child with a disability was bullied at her school and on her school bus. Neither the school nor bus company took any steps to stop it. As a result, the bullying escalated to the point where the child was beaten over the head with a laptop. Plaintiff requested certain records in discovery, and Defendant Encore Academy refused to produce them – even subject to the previously-court-approved protective order.

The school's main argument is that it "cannot produce the educational records of other children to Plaintiff without being in direct violation of the Federal Education Rights and Privacy Act ("FERPA")." R. Doc. 28-1 at 1-2. The school, however, does not cite to a single case in support of that theory. That is because the school's theory is wrong. Courts have held that "[b]y its plain terms, FERPA does not create an evidentiary privilege… [D]ocuments covered by FERPA are indeed discoverable in the context of a civil action." *Nichols v. Univ. of S. Miss.*,

2009 U.S. Dist. LEXIS 59164, at *3 (S.D. Miss. June 1, 2009) (emphasis added). Defendant's motion should be denied.

## I. Background and Procedural History

Plaintiff filed her initial complaint in this matter on February 24, 2022, alleging that Defendant Encore Academy is liable for discrimination, pursuant to the Americans with Disabilities Act and the Rehabilitation Act, and for negligence related to ongoing bullying and harassment directed at A.E. R. Doc. 1. This discrimination and bullying resulted in A.E. being assaulted on the Apple School Bus on March 9, 2021. R. Doc. 1. Defendant Encore denies, among other things, that they knew A.E. was a child with a disability and that she was bullied and harassed before March 9, 2021. R. Doc. 7.

On June 13, 2022, the parties held a Rule 26(f) conference, during which the parties discussed any foreseeable discovery issues. At that time, Defendant did not bring up any issues related to FERPA. In their initial disclosures, Encore named student B.H. as a potential witness who "may have information concerning the factual allegations that form the basis of this dispute."

Defendant Encore propounded discovery requests on August 26, 2022. On August 29, 2022, Encore sent Plaintiff several subpoenas seeking A.E.'s medical records. On August 31, 2022, undersigned counsel prepared a draft Protective Order, based on Judge North's form order, and circulated the draft for comments and edits. On September 1, 2022, counsel for Defendants Apple Bus Company and Protective Insurance Company responded, "I have no objection to the language of it, but not completely clear as to what it would apply to.  Just the records of the minor <u>and the records involving any other minors</u>, records from the school and/or our client that may contain proprietary information?" Exhibit A (emphasis added). In response to this, undersigned counsel agreed and pointed counsel to Sections 1 and 2 of the Order, outlining the scope and definition of Confidential Information. Exhibit A.

Two weeks later, after several requests for Defendant Encore's input, counsel for Encore stated, "I have no objection to our using Magistrate North's Protective Orde[r] form in this case." Exhibit A. On September 26, 2022, after receiving the signatures of counsel for the Motion for the Protective Order, undersigned filed the Consent Motion and proposed protective order. R. Doc. 11. Defendant Encore claims that it is notable that "this Protective Order was agreed to before Plaintiff issued her discovery requests seeking production of records directly controlled by FERPA and relating to non-party minors" and that it was agreed to "before Encore knew Plaintiff would be seeking production of information/documents which are governed by FERPA." R. Doc. 28-1 at 3 and 5. Yet this is neither notable nor accurate. Plaintiff's request for records involving other students was explicitly discussed and considered by all parties. Additionally, both Defendant Encore and Plaintiff disclosed other students as potential witnesses in their initial disclosures.

The first time Defendant Encore mentioned FERPA being a barrier to disclosure of records in this matter was when they responded to Plaintiff's First Set of Discovery Requests on November 30, 2022. On December 13, 2022, undersigned counsel sent Encore's counsel a letter outlining deficiencies in Encore's discovery responses, including the objections and withholding of records based on FERPA. Exhibit B. On December 27, 2022, the parties conferred and discussed this issue. During that conference, counsel for Encore explained that (1) they disagreed with Plaintiff's position that FERPA does not prohibit disclosure of the requested records; (2) they would conduct research on the intersection of FERPA, protective orders and disclosure of non-party records; (3) they believed the case law Plaintiff cited (*Nichols v. Univ. of S. Miss.*, 2009 U.S. Dist. LEXIS 59164, at *3 (S.D. Miss. June 1, 2009)) was distinguishable from this matter because it involved an in-camera inspection; and (4) they would provide legal authority for their position within a week. Exhibit C. Defendant never forwarded any authority to Plaintiff.

Undersigned counsel held another conference on January 6, 2023, with Defendant Encore. At that time, Encore's counsel relayed that their stance on FERPA prohibiting disclosure of education records had not changed. Encore's counsel stated that the case law, cited by Plaintiff, supports the necessity for an in-camera inspection and that Encore's obligation to protect non-party children outweighs Encore's disclosure obligation. In response, undersigned counsel pointed out that *Nichols* did not hold that an in-camera inspection was *required*.[1]

On January 12, 2023, undersigned held yet another conference related to the FERPA objections, among other things. During that meeting, counsel for Encore agreed that the case law does not *require* an in-camera inspection, but she stated that Defendant would not produce the records without an order from the court. For the first time, counsel for Encore stated that she did not believe B.H.'s records are relevant to Plaintiff's claims. Undersigned counsel explained to Defendant's counsel that "B.H.'s records are relevant because she was directly involved in the incident and prior bullying of [A.E.]."

On March 9, 2023, Defendant Encore had still not filed a motion for an additional protective order. Undersigned informed Encore's counsel that Plaintiff planned to file a motion to compel if Encore did not file a motion. On March 22, Encore filed their motion. R. Doc. 28.

## II.     Legal Standard

Rule 26(c) provides that the Court may issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…" Fed. R. Civ. P. 26(c)(1). "In addition, Rule 26(c)'s 'good cause' requirement indicates that the party seeking a

---

[1] Undersigned counsel also pointed out that *Nichols* is in fact distinguishable from this matter, but only because there was no protective order in place in *Nichols*. 2009 U.S. Dist. LEXIS 59164, at *3; n.1. The *Nichols* Court ordered an in-camera inspection because the Defendant argued that the records were privileged pursuant to FERPA. Yet, after the Court inspected the school records, the Court ordered they be disclosed without a protective order. *Id.*

protective order has the burden 'to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *Mitchell v. Univ. of La. Sys.*, 2015 U.S. Dist. LEXIS 196435, at *6 (M.D. La. Dec. 7, 2015) (citing *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)).

The law is clear that "[b]y its plain terms, FERPA does not create an evidentiary privilege…[D]ocuments covered by FERPA are indeed discoverable in the context of a civil action." *Nichols*, 2009 U.S. Dist. LEXIS 59164, at *3 (citing *Garza v. Scott & White Mem'l Hosp.*, 234 F.R.D. 617, 624 (W.D. Tex. Nov. 14, 2005)). "[W]hile FERPA was intended to prevent schools from adopting a policy or engaging in a practice of releasing educational records, it does not, by its express terms, prevent discovery of relevant school records under the Federal Rules of Civil Procedure. *Ellis v. Cleveland Mun. Sch. Dist.,* 309 F. Supp. 2d 1019, 1023 (N.D. Ohio 2004) (citing *Rios v. Read*, 73 F.R.D. 589, 598 (D.C. N.Y. 1977)). "This focus on policies which systematically invade a student's privacy is thus consistent with the statute's allowances for the disclosure of such information in particular circumstances or pursuant to a court order on a case-by-case basis." *Ellis*, 309 F. Supp. 2d at 1023-24 (N.D. Ohio 2004).

A Plaintiff can show that she has a genuine need for the requested education records by showing the records are directly related to Plaintiff's claims. *See Daywalker v. Univ. of Tex. Med. Branch at Galveston*, 2021 U.S. Dist. LEXIS 170916, at *11-12 (S.D. Tex. Sep. 9, 2021) (holding that FERPA did not prohibit disclosure of other students' records where Plaintiff showed that the records could support her discrimination claims); *see also Ellis*, 309 F. Supp. 2d at 1023 ("Plaintiff has met her burden in this case as the information she seeks is material and necessary to the prosecution of her claims and uniquely within the knowledge and possession of the defendant School District").

### III. Analysis

Defendant's motion for a protective order should be denied for three reasons: (1) because FERPA does not prohibit disclosure of the requested records; (2) because Plaintiff can show a genuine need for the records which are directly related to her claims; and (3) because there is already a protective order in this matter that will protect the records as confidential.

### A. FERPA does not absolutely prohibit disclosure of other students' records.

Despite Defendant Encore's position that FERPA prohibits them from disclosing the records Plaintiff has requested, Defendant has not provided any legal authority to support this contention. Defendant has no authority because FERPA is not a statute that absolutely prohibits disclosure of documents. Instead, its purpose is to prevent educational institutions from policies and practices of releasing student records, with explicit exceptions. *See Ellis*, 309 F. Supp. 2d at 1023-24. However, Defendant mischaracterizes FERPA in this case, and incorrectly relies on it to withhold relevant records.

Nothing in the text of FERPA or 34 CFR § 99.10 prohibits disclosure in the context of civil discovery. In fact, FERPA explicitly states that records may be "furnished in compliance with a judicial order…upon condition that parents and students are notified of all such orders…" 20 U.S.C.A. § 1232g(b)(2)(B). In their motion, Defendant Encore repeatedly states that they are prohibited from disclosing the requested records because the parents have not been notified of the potential disclosure. Yet Defendant provides no reason why they have not contacted the parents, which seems like the obvious remedy to their alleged dilemma. Defendant cannot use FERPA as a shield from disclosing relevant records in this case.

### B. Plaintiff has a genuine need for these records, which directly relate to her claims against Defendant Encore Academy.

Undersigned counsel has explicitly articulated to Encore's counsel that the records of other students are directly related to Plaintiff's claims. Defendant is well aware that B.H. was

directly involved in the incident on March 9, 2021, and her records are vital for Plaintiff to show the steps that Encore did or did not take before and after this incident. Indeed, Defendant listed B.H. as a witness in their initial disclosures. Plaintiff alleges that B.H. and other students repeatedly harassed her, called her names, and even physically attacked her on several occasions. Yet Plaintiff's records alone cannot support her claims of other student harassment, as their disciplinary records are not included in her file. Additionally, Plaintiff aims to prove that Encore was aware of the bullying and harassment before March 9, 2021, and that they discriminated against Plaintiff by not taking steps to prevent further occurrences. Thus, Plaintiff is not seeking these records to embarrass, harass or burden other students. Instead, Plaintiff plans to prove that the school knew about the bullying and did not take appropriate action, leading to the incident on March 9, 2021. Defendant's discovery responses are not sufficient because they do not provide all the information Plaintiff requires to fully prosecute her claims.

### C. There is already a protective order in this case that is sufficient to protect the records.

Defendant Encore claims that Plaintiff is attempting to use the current protective order, which Encore approved, to "circumvent Encore's required adherence to FERPA." R. Doc. 28-1 at 4. This, again, misstates Encore's obligations under FERPA. If their goal is to protect student records, then disclosing the requested records designated as confidential is in furtherance of that goal. Defendant Encore has not articulated why the current protective order is insufficient. And any claim that Defendant Encore was not aware that Plaintiff would be requesting educational records related to other students is clearly false. The parties discussed this explicitly on several occasions, even during the discussions of the protective order itself. Defendant did not raise their concerns about FERPA until they were faced with disclosing records.  Neither an in-camera inspection nor another protective order is required in this case, as the current protective order was entered into contemplating this exact type of disclosure.

### IV. Conclusion

For the reasons articulated above, Plaintiff opposes Defendant Encore Academy's Motion for a Protective Order, and requests that the motion be denied. Additionally, Plaintiff requests that this Court order Defendant to produce the requested records.

Respectfully Submitted,

/s/ Caroline Gabriel
Caroline Gabriel, Bar No. 38224
William Most, Bar No. 36914
Most & Associates
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
Tel: 985-441-9355
Email: caroline.gabriel.ma@gmail.com

**Counsel for Plaintiff, A.E. through Jessica Chisolm**