

**MOST & ASSOCIATES**

201 St. Charles Ave.  (504) 509-5023
Ste. 114, #101  mostlawoffice.com
New Orleans, LA 70170  williammost@gmail.com

---

Denia S. Aiyegbusi  December 13, 2022
Deutsch Kerrigan
755 Magazine St.
New Orleans, LA 70130

*Via email to:* denia@deutschkerrigan.com

**Re:** **Meet and Confer**
**A.E., by and through her mother, Jessica Chisolm v. Encore Academy** *et al*.

Denia,

This letter is to raise inadequacies in Defendant's discovery responses so far in advance of a conferral meeting. The following is a summary of identified issues in the responses:

### 1. General objections are improper.

The court has found that "general objections are improper" and are subject to being stricken. *Weatherspoon v. 739 Iberville*, LLC 21-cv-225-CJB-KWR, R. Doc. 42 at *10 (E.D. La. March 18, 2022). Your general objections therefore have no weight whatsoever. Please retract them.

- <span style="color:red">Your team is doing research and will to get back to us.</span>

### 2. Defendant designations document produced as "Confidential" is improper.

Recently, the Fifth Circuit issued a strong caution against the casual practice of designating as confidential and sealing documents:

> In our view, courts should be ungenerous with their discretion to seal judicial records, which plays out in two legal standards relevant here. The first standard, requiring only "good cause," applies to protective orders sealing documents produced in discovery. The second standard, a stricter balancing test, applies "[o]nce a document is filed on the public record"— when a document "becomes a 'judicial record.'"

*Binh Hoa Le v. Exeter Fin. Corp.,* 20-10377 at *13 (5th Cir., March 5, 2021).

On September 27, 2022, the Court granted a Consent Protective Order in this matter. Defendant have designated every page of its production of documents as "Confidential – Subject to Protective Order." Plaintiff is challenging Defendant's designations in production because these documents do not fall in any of the categories outlined in Section 2 of the Protective Order. In accordance with that order, please review the documents and reconsider the designations, or

**EXHIBIT C**

explain the reasoning for such designations. If you do not do so, we will proceed with a motion to de-designate.

- You agreed and will go through and redesignate.

### 3. Defendant's objections pursuant to FERPA are not proper.

In response to Requests for Production No. 1; 6-9; 13; 14; 26; and 32; Defendant objected and stated the following:

> According to 34 CFR § 99.10, parents have the right to inspect and review *their child's education records* maintained by the school, but schools are not required to provide copies of records unless, for reasons such as great distance, it is impossible for parents or eligible students to review the records. Encore is more than willing to accommodate a request by Plaintiff to inspect A.E.'s school record on a mutually convenient date and time.

Likewise, in responses to Requests for Production No. 20 and 21 and Answers to Interrogatory No. 5-7, 11 and 12, Defendant made the same objection and added that "Defendant, however, cannot allow Plaintiffs to inspect the records of any other child(ren) maintained by Encore absent a specific court order and/or in camera inspection."

Finally, in response to Requests for Production No. 13 and 14, Defendants stated the following:

> [A]lthough Defendant has a video capturing the incident in question, the video depicts more than A.E. The rights of all students depicted in any video captured during the subject incident are protected by FERPA (20 U.S.C. 1232g(a)(4)(A); 34 CFR § 99.3). As with any other "education record," a photo or video of a student is an education record, subject to specific exclusions, when the photo or video is: (1) directly related to a student; and (2) maintained by an educational agency or institution or by a party acting for the agency or institution." Accordingly, FERPA does not permit production of the requested surveillance video. Encore is more than willing to accommodate a request by Plaintiff to review the surveillance video on a mutually convenient date and time.

However, Defendant is mistaken. FERPA is not a law that absolutely prohibits the disclosure of educational records. Documents covered by FERPA are discoverable in the context of a civil action. *Nichols v. The Univ. of Southern MS,* No. 08-128, 2009 WL 1565749, at *1 (S.D. Miss. 2009). FERPA does not prohibit the disclosure of the record during discovery as long as it is otherwise discoverable. Further, there is already a protective order in place in this matter and Defendant can designate such records as confidential pursuant to that protective order.

- You disagreed on this point. Your team is doing research on intersection of FERPA and protective order and other children's records as opposed to a party or the Plaintiff.
- You believe the case we sent is distinguishable because it involved in camera inspection.
- Your team will get back to us with legal authority by next week.

### 4. Defendant has not provided Plaintiff with a privilege log.

In response to Requests for Production No. 6-8; 22 and 23; Defendant claims that the information requested is protected by attorney-client and work product privilege. However, Defendant has not provided a privilege log or described "the nature of the documents, communications, or tangible things not produced or disclosed" to allow Plaintiff to assess the privilege claims pursuant to Rule 26. Please provide this information as soon as possible.

- Your team will review responses and send log.

### 5. Defendant has been on notice that private communications of employees would be requested pursuant to Plaintiff's Anti-Spoliation Notice.

In response to several of Plaintiff's requests for relevant communications, including Requests for Production No. 6-9; 18; 19 and 22; Defendant objected to the requested discovery and stated the following:

> Encore does not provide cell phones to all of its staff and does not have access to each staff member's personal devices. Accordingly, Encore cannot and will not produce text messages received and/or sent from personal devices… Subject to and without waiving these objections, Encore is in the process of collecting responsive documents contained within school email accounts from the staff members referenced in Plaintiff's Complaint: (1) Terri Smith; (2) Tess Proctor; (3) De'Von Clanton; (4) Laura Potts; (5) Sam King; (6) Diedra Bovie; (7) Jamal Watson; (8) Sonya Webber. Encore is also in the process of collecting any responsive documents or information from any cell phones issued by Encore to any of its Student Support Team Members.

Similarly, in its Response to Request No. 10; Defendant stated the following:

> Encore does not provide cell phones to all of its staff and does not have access to each staff member's personal devices. Accordingly, Encore cannot and will not produce text messages received and/or sent from personal devices. Subject to and without waiving these objections, Encore provided cell phones only to certain Student Support Team Members and is in the process of running these search terms on the relevant Encore issued phones. Once Defendant has completed its review/searches of these school issued phones, any and all relevant, responsive documents will be provided.

On April 9, 2021, a month after the incident giving rise to this case, Plaintiff sent Defendant an Anti-Spoliation notice, informing Defendant that it could "reasonably foresee litigation regarding the above-mentioned incident as well as for bullying and/or harassment experienced by A.E. since she began attending Encore Academy." Additionally, Plaintiff made Defendant aware of its obligation to retain evidence, explicitly including "text messages and voicemails from work phones and private phones" of Defendant's employees. Defendant cannot object on this basis.

If you contend your client does not have control over these text messages, please provide us with the names and contact information of each employee, and whether you will accept service of subpoenas on their behalf. We will then subpoena each employee.

- We will send anti-spoliation letter for your review.
- Don't object to requesting this information from employees as a general matter, but we will likely have to narrow our requests to specific employees.

**6. Plaintiff's request for training records includes the materials used at training.**

In Response to Request No. 11, Defendant stated "During the Fall of 2020 (at the start of the 2020-2021 academic year), Encore staff attended a virtual training session concerning suicide and bullying prevention. A copy of the sign-in sheet for this virtual training session is attached hereto." In addition to the sign-in sheet, Plaintiff was also requesting the actual training materials used, including any power points or slides and resources provided to participants. Please produce these documents as soon as possible.

- Your team will ask Defendant for power point.

**7. Plaintiff would like to schedule a Meet and Confer with Defendant to discuss the issues above and to clarify certain requests.**

In response to Requests for Production No. 15-17; and 23; Defendant responded that it was either confused by the request or that certain terms were not defined. Plaintiff would like to discuss these requests during the meet and confer to clarify.

- I explained that we were seeking any internally recorded statements from Encore employees. You said you will check on this.
- For request 23, I explained that we were looking for any investigation into complaints made before the incident on March 9, 2021. You agreed to look into this.

Additionally, Plaintiff believes that Defendant misunderstood Request Nos. 24 and 33 and would like to discuss these requests at the meet and confer to clarify.

- You will check and confirm that there are no records related to a 504 Plan.
- I explained that Plaintiff was seeking information related to the anti-spoliation request and I asked if Defendant had a time frame in which they retained records. You explained that Defendant did not provide you with that information.

Please respond with your availability to discuss these issues. Looking forward to hearing from you.

Sincerely,

*/s/Caroline Gabriel*
Caroline Gabriel
E:  caroline.gabriel.ma@gmail.com
P:  985-441-9355