UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| A.E., by and through her mother, JESSICA CHISOLM<br><br>v.<br><br>ENCORE ACADEMY, APPLY BUS COMPANY, PROTECTIVE INSURANCE COMPANY, and XYZ INSURANCE COMPANY | CIVIL ACTION<br><br>NO. 22-00491<br><br>JUDGE BARRY W. ASHE<br><br>MAGISTRATE JUDGE JANIS VAN MEERVELD |

**DEFENDANT, ENCORE ACADEMY'S REPLY TO PLAINTIFF'S OPPOSITION**

NOW INTO COURT, through undersigned counsel, comes Defendant, Encore Academy ("Encore"), who files this Reply Memorandum in response to Plaintiff's Opposition to Encore's Motion for Protective Order. Plaintiff's Opposition mischaracterizes Encore's Motion and criticizes it for lacking in jurisprudential support. However, Encore does not need jurisprudential support when the issue is clearly governed by federal statutory law. The Family Educational Rights and Privacy Act ("FERPA") limits production of educational records and provides all necessary guidance on the issue before this Court. Encore understands that FERPA is not a complete prohibition to disclosure of educational records, despite Plaintiff's contention. Encore does not contend that it is afforded a certain student-school privilege as this is clearly not created under FERPA. *Nichols v. Univ. of S. Miss.*, 2009 WL 1565749, (S.D. Miss. June 1, 200) (citing *Rios v. Read*, 73 F.R.D. 589, 598 (D.C.N.Y. Jan. 14, 1977)). Instead, FERPA limits disclosure to two very narrow situations: (1) when there is written consent from the student's parent(s) specifying the records to be released or (2) a court orders the disclosure of specific documents and all involved parents and students have been notified of such order. 20 U.S.C.A § 1232g(b)(2)(A)–(B); *see* 34 C.F.R. § 99.33(a)(1).

Plaintiff is under the impression that because FERPA is not a complete prohibition of disclosure that they are entitled to the documents they seek. However, B.H.'s parents have not provided written consent allowing for disclosure, nor has this Court ordered disclosure. Accordingly, a Protective Order is necessary to prevent violations of FERPA as the current Protective Order is insufficient. In the alternative, an *in-camera* review by this Court is warranted to determine whether disclosure is necessary.

I. **The original Protective Order is insufficient to fully protect B.H.'s educational records**

Plaintiff incorrectly states in her opposition that "Plaintiff's request for records involving other students was explicitly discussed and considered by all parties." No such request was itemized or discussed prior to the entry of the current Protective Order. Accordingly, the Protective Order, which is currently in place, is insufficient to fully protect B.H.'s educational records as contemplated by FERPA because it was not designed for this purpose. FERPA requires written parental consent[1], or a court order and notification to the parents and students who are referenced in the requested records. Because the current protective order fails to consider the narrow circumstances in which educational records may be disclosed under FERPA, it is insufficient.

II. **Jurisprudence permits an *in-camera* review of the information.**

Plaintiff's Opposition contends that an *in-camera* review of the sought-after records is not required and is unnecessary. In doing so, Plaintiff confusingly relies in part on the *Ellis v. Cleveland Municipal Sch. Dist.*, 309 F.Supp. 2d 1019 (N.D. Ohio 2004) case. This Ohio case is factually distinguishable because the records sought were records of substitute teachers, not

---

[1] The Opposition suggests it would be simple for Encore to request parental consent; however, Encore is not required to do so simply because Plaintiff has requested these records. Plaintiff has provided no case law which supports the assertion that it is Encore's burden to request parental consent.

2

students. As noted by the Northern District of Ohio, FERPA does not apply to teachers' records. However, notably, even that court did require the defendant to provide the records for an *in-camera* review so that the court could decide FERPA's applicability to the records. *Id.* at 1021-1022.

Encore agrees that an *in-camera* review of the records is not a requirement under FERPA; however, as discussed with Plaintiff's counsel during the multiple 37.1 calls surrounding this issue, a review of the jurisprudence shows that an *in-camera* review is *customary* when deciding issues related to disclosure/production of records governed by FERPA. *See, e.g., Nichols v. Univ. of S. Miss.* 2009 WL 1565749 (S.D. Miss. 6/1/09), as cited in the Opposition. And indeed, the very reason why it is customary for an *in-camera* review to be conducted is because of the court's responsibility to determine that there has been a sufficient showing by the plaintiff of a genuine need for the sought after records, something that is presumably easier to do when able to review the records themselves.

**III.    Plaintiff fails to show a genuine need for the information.**

In seeking discovery of records protected by FERPA, Plaintiff is required to show a genuine need for the information sought from the records. There is a higher burden on the plaintiff to justify disclosure than with the discovery of other forms of records. *Rios,* 73 F.R.D. at 598. Various courts have permitted disclosure when the party seeking disclosure meets its higher burden by showing that its genuine need in obtaining the records outweighs the students' privacy interests. *Nastasia v. New Fairfield Sch. Dist.,* 2006 WL 1699599, *1–2 (D. Conn. June 19, 2006); *Davids v. Cedar Falls Cmty. Sch.,* 1998 WL 34112767, *3 (N.D. Iowa Oct. 28, 1998); *Rios*, 973 F.R.D. at 599. Plaintiff has not met this high burden in this case.

In Plaintiff's explanation of its genuine need for these records, she does not provide any case support aside from one citation to *Daywalker* and *Ellis*. However, *Ellis* provides no analytical

3

discussion of the parties' genuine need for the information sought. The court merely discussed that FERPA did not apply to the records sought and even if it did, the plaintiff had met their burden. The case does not provide any guidance on what is required to meet that burden.

While the Plaintiff is correct that the court in *Daywalker v. Univ. of Tex. Med. Branch at Galveston* held that disclosure of medical student personnel files were not prohibited under FERPA, Plaintiff does not provide the context of this holding. *Daywalker* involves a suit with alleged discrimination under Title VII. In order to prove a claim under Title VII, a plaintiff must show he is treated differently than his peers which requires comparator evidence. It is the specific need for that comparator evidence that persuades the court to allow disclosure because without the personnel records, the plaintiff could provide the evidence needed to prove their claim.

Here, Plaintiff does not require comparator evidence to show disparate treatment under Title VII as there are no Title VII claims. *Green v. United Parcel Serv. Inc.*, 2009 WL 1430244 at *1 n. 2 (E.D. La. 3/29/19) (stating that a failure to accommodate claim under the ADA does not involve proof that the disabled person is treated worse than abled ones). Plaintiff is seeking these records "to show the steps that Encore did or did not take before and after this incident" and to discover the disciplinary records of non-party B.H. [R. Doc. 31.] The actions of Encore which pertain to A.E. are contained within A.E's records which were previously produced pre-suit. The records of B.H., who is not a party to this suit, cannot provide any relevant information which is not already contained within A.E.'s record. The only incident between A.E and B.H., aside from the one sued upon, occurred on January 29, 2020, and information regarding this incident is contained within A.E.'s file. Plaintiff has failed to show why she continues to seek additional information and why the need for such information outweighs B.H.'s privacy rights. Plaintiff was required to meet a high burden and has not been able to do so.

## IV.   Conclusion

Encore's discovery responses (as revised on March 20, 2023) provide sufficient information for the purposes of this litigation. The current Protective Order does not sufficiently protect the educational records sought as required by FERPA. Additional protections and restrictions are necessary. Moreover, Plaintiff has failed to meet its high burden and show a genuine need for such educational records. Alternatively, Encore requests an *in-camera* review to determine the need to disclose the records.

           Respectfully Submitted,

           */s/ Denia S. Aiyegbusi*
           _____
           John Jerry Glas (#24434)
           Denia S. Aiyegbusi (#31549)
           Melissa M. Lessell (#32710)
           Casey B. Wendling (#38676)
           **DEUTSCH KERRIGAN, LLP**
           755 Magazine Street
           New Orleans, LA 70130
           Telephone: 504.581.5141
           Facsimile: 504.566.1201
           jerry@deutschkerrigan.com
           denia@deutschkerrigan.com
           mlessell@deutschkerrigan.com
           cwendling@deutschkerrigan.com
           *Attorneys for Defendant Encore Academy*